### BARNES v. INDIAN TERRITORY ILLUMINATING OIL CO.

No. 24178.  Feb. 12, 1935.

### CARTER OIL CO. v. STATE BOARD OF EQUALIZATION et al.

No. 24372.   Feb. 12, 1935.

Duncan & De Parade, for petitioner.

Pierce, Follens & Rucker, for respondent.

BAYLESS, J. This is an action to review an order of the State Industrial Commission denying the motion of claimant to reopen his case and award further compensation.

It appears from the record that claimant, C. C. Barnes, while in the employ of respondent, Indian Territory Illuminating Oil Company, and in the course of said employment, received an injury on the 31st day of December, 1929, when he slipped and fell some 20 or 30 feet, from the absorption unit of the skimming plant to the ground, where his right foot struck a pile of pipe. Respondent paid claimant temporary total compensation for four months, ending May 4, 1930.

On the 9th day of June, 1930, claimant appeared before the State Industrial Commission, and upon agreement between respondent and claimant, received an award of 40 per cent. permanent partial disability to his right foot; and on June 20, 1930, respondent paid claimant $934.80 in accordance with said agreement and award.

On the 18th day of December, 1931, claimant filed a motion to reopen his case before the Commission, alleging that a change in condition had been suffered in his right foot and leg and also his left foot, and by reason of such change in condition sought an award for further compensation.

It is the contention of claimant, as disclosed by his testimony and that of medical experts, that since the award entered herein in June, 1930, his condition has changed for the worse, in the following respects: The condition of the right foot has grown worse in that it aches excessively and constantly and cannot bear his weight on his feet without suffering pain, and that the arches of both feet are broken down; that he had never suffered an injury to either of his feet before the accident herein complained of, and has received no injury to his feet since the award was entered; and that his present changed condition was due entirely to the original injury.

The record discloses that two medical experts testified on behalf of claimant and

fixed his disability at the time of the hearing to reopen the case at from 80 to 85 per cent. permanent partial to his right foot. The medical expert produced by respondent fixed his disability at "at least 35 per cent. permanent partial."

The Commission, after having heard all of the evidence upon the motion to reopen, found:

"* * * That the evidence presented was insufficient to show that claimant should be awarded further compensation for the right foot."

From which finding, claimant seeks a review, contending:

"First. Where there is competent evidence offered in support of the claimant's allegation of a change in his condition subsequent to the award, and which said evidence is sufficient to establish a prima facie case in favor of claimant, and there is no competent evidence offered to overthrow the showing made by claimant, it is error for the Industrial Commission to deny claimant's application for compensation."

We have carefully read and examined the record upon the motion to reopen, as well as the proceedings had at the time the original award was entered for the injury to claimant's right foot, and are of the opinion that the findings of the Commission and order denying further compensation are supported by the evidence. Although the testimony is in conflict as to the extent of disability, we have repeatedly held:

"The decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court." Whitfield v. Canadian Valley Utilities Co., 126 Okla. 289, 259 P. 229.

Under claimant's second proposition it is contended that the order of the Commission denying claimant further compensation should be reversed for the reason that a prima facie case was established by the claimant proving that he has a partial disability to his left foot as a result of the accident of December 31, 1929, for which he has never received any compensation, and which he is legally entitled to receive under the provisions of the Workmen's Compensation Law (St. 1931, sec. 13348 et seq.), and the decisions of this court construing the act.

At the time the award was entered herein, claimant contends that his left foot was

also injured, but he did not claim compensation therefor; that his left foot only tingled at the time he was in the hospital and continued tingling for only about two weeks; that the pain in his left foot was so minor in comparison to that in his right foot that he attached little or no importance to it at that time and never notified respondent or any one else that he had suffered an injury to his left foot until nearly two years after the accident; that claimant's left foot has grown worse, in that he has a tired feeling in his left foot and is unable to walk or stand on his left foot without suffering pain; and that his arches are broken down. The medical experts testifying on behalf of claimant say that claimant now has a 25 per cent. permanent partial disability to his left foot, which is attributable solely to the accident of December 31, 1929.

Respondent denies that claimant is entitled to recover for the injury, if any, to his left foot, for the reason that no claim was filed for compensation within one year after the accident complained of.

Claimant contends that the one year statute of limitation does not apply in this case, but says he is entitled to recover under authority of Skelly Oil Co. v. Standley et al., 148 Okla. 77, 297 P. 235, wherein we said:

"Section 7296, C. O. S. 1921, provides for a review of an award on the ground of a change in conditions. Liberal interpretation impels the holding that such continuing jurisdiction exists over each case wherein an award of compensation has been made and a change in condition is subsequently established, even though the change in condition manifests itself in injuries not theretofore expressly enumerated in the original award or set out in the claim, but attributed to the original accident."

Other cases to the same effect are cited by claimant. We think the rule announced in Skelly Oil Co. v. Standley, supra, is correct, but is not in point. In all of the cases cited there was a subsequent manifestation of disabilities from the injury reported, which newly manifested disabilities were unknown and not anticipated at the former hearings or awards. But in none of these cases cited did the claimant, at the time the original award was entered, know of any injury or disability which he did not report. In the case at bar claimant had knowledge of an injury which he did not report to the employer or any one else until some 18 months or two years after the accident. Claimant not only exercised his own judgment as to the seriousness and extent of the injury, but concealed from his employer the injury to his left foot, for which he now seeks compensation.

We said in W. E. Edmiston Drilling Co. v. Russell, 151 Okla. 108, 1 P. (2d) 374:

"In our opinion, the record contains no evidence that either the employer or the insurance carrier was not prejudiced by the failure to give notice of the injury. Had prompt notice been given that the respondent had been struck in the back by a sack of cement, the petitioners could have directed proper medical attention to be given the respondent for the injury sustained to his back. From the notice given, they were justified in furnishing him medical attention only for the condition disclosed by his report. When he appeared before the physicians for medical aid he gave the physicians a history of his case, and stated to them that the cause of his condition was his having been overheated while working. They were justified in assuming that he was telling the truth and in furnishing him medical treatment according to the history that they received. The record shows that the symptoms evidenced by him were entirely compatible with the history of the case as given to them by him."

And further, in American First Nat. Bank v. Peterson, 169 Okla. 588, 38 P. (2d) 957, we said:

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another."

In view of what we said in W. E. Edmiston Drilling Co. v. Russell, and American First Nat. Bank v. Peterson, supra, we think the rule to be applied in this case is: Where a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries.

The order of the Industrial Commission is therefore affirmed.

McNEILL, C. J., and BUSBY, WELCH, and CORN, JJ., concur.