FINANCE OIL CO. v. JAMES et al.

No. 29783.    Jan. 28, 1941.

*109 P. 2d 818.*

C. S. Macdonald and F. W. Files, both of Pawhuska, and George F. Short, Welcome D. Pierson, and Max G. Morgan, all of Oklahoma City, for petitioner.

J. C. Cornett, of Pawhuska, and H. V. Lewis, of Oklahoma City, for respondent.

HURST, J. The claimant, James, fell from a boiler on February 19, 1922, while working as a tool dresser for respondent, Finance Oil Company. He claimed compensation for an injury to one of his wrists. On May 16, 1922, he executed a final receipt of compensation for the injury, which recited that his disability terminated April 10, 1922, and acknowledged full settlement and satisfaction for all claims for compensation or damages on account of injuries suffered by reason of the accident. The settlement evidenced by the receipt was approved by the State Industrial Commission. Claimant returned to work in April, 1922, and continued to work in the oil fields until 1937. In 1935 he filed a motion to reopen the case, alleging an injury to his spine. This motion was later dismissed for want of prosecution.

On September 15, 1938, he filed his motion to reopen the case, alleging an injury to his head and spine arising from the fall from the boiler of respondent in 1922. While he testified that the injury to his back and head was known to him at the time he claimed compensation for the wrist injury, and that it bothered him when he returned to work, and that his condition grew worse as time progressed, he made no disclosure thereof at any time, except that he testified that he complained of it to the physician who treated the injury to his wrist. The commission awarded compensation for the injury, and the respondent prosecuted this original proceeding to review the award.

The sole question presented is whether the claim and notice of injury filed with the Industrial Commission in 1922, in which the only injury specified was that to claimant's wrist, is sufficient to confer jurisdiction upon the Industrial Commission to make an award to claimant, upon the motion filed in 1938, for an injury to his head and spine of which he was cognizant at all times after the accident occurred, but of which he gave no notice to the employer, and for which he did not claim compensation, prior to the filing of his first motion to reopen the case in 1935.

This identical question was considered in Barnes v. Indian Territory Illuminating Oil Co., 170 Okla. 520, 41 P. 2d 633, and answered in the negative, and we think the conclusion therein reached is sound. There the rule was announced that where a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries.

In the instant case the claimant made no mention of the injury to his back or head, except to the physician who attended him. This was not notice to respondent. Dover Oil Corporation v. Bellmyer, 175 Okla. 19, 52 P. 2d 761. He chose to disregard the injury, and made no complaint to respondent in reference thereto, nor did he file any claim for compensation for such injury within the one year allowed by section 13367, O. S. 1931, as amended by section 4, ch. 29, S. L. 1933, 85 O. S. A. § 43. Instead, he waited some thirteen years, when the opportunity of the employer to investigate the injury or take steps to correct or minimize its effect had been effectively prevented or barred, and its insurance carrier had gone out of existence, to assert his claim of total disability. Respondent's contention that the claim was barred by

374

the statute of limitations is conclusively established by the evidence.

Claimant contends that the original notice was notice of all injuries sustained by him, and that it then became the duty of the employer to ascertain the nature and extent thereof. In support of this contention he relies upon Gulf Oil Corporation v. Garrison, 183 Okla. 631, 84 P. 2d 12, Wolfe v. Carlisle, 182 Okla. 463, 78 P. 2d 298, and similar decisions. But we do not consider the rule announced in those cases applicable to the facts in the instant case. In those cases the employer, with notice of the injury, made no attempt to furnish medical attention, or to ascertain the extent of the injury. In the present case the claimant received medical attention, and was treated for the injury to his wrist, the only injury which the claimant then asserted he had received, or of which the employer had knowledge. The two injuries were so unrelated in character that a claim for compensation for the one would in no sense impart notice of or include the other.

Reversed, with instructions to vacate the award.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.