WOODWARD COUNTY and the State Insurance Fund, Petitioners,

v.

W. C. DAVIS and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36460.

Supreme Court of Oklahoma.

Feb. 15, 1955.

Rehearing Denied April 19, 1955.

Original proceeding brought by Woodward County, employer and its insurance carrier, State Insurance Fund, to review an award of the State Industrial Commission made to W. C. Davis, claimant. Award sustained.

Mont R. Powell, and William R. Saied, Oklahoma City, for petitioners.

Tom Hieronymus, Woodward, Charles R. Nesbitt, Oklahoma City, of counsel, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On October 8, 1944, W. C. Davis, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury October 6, 1944, while in the employ of Woodward County. On consideration of the claim, an order for temporary disability was entered. On August 8, 1953, the present proceeding was begun before the State Industrial Commission, following which an award was entered. Therein it is stated:

"That on October 6th, 1944, claimant was in the employ of respondent herein, being engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and on said date, claimant sustained an accidental personal injury, arising out of and in the course of his employment with respondent, consisting of an injury to his left arm and head; that although the accident occurred on October 6th, 1944, the disabling effects of said injury did not become manifest and the nature and extent of disability develop or become

known to the claimant as being the result of the accident until on or about September 4th, 1952.

"That claimant's average daily wage was sufficient to entitle him to $18.00 per week compensation; that claimant has been paid compensation for his temporary total disability in the sum of $84.00, being compensation from the date of the injury, less the five day waiting period, to November 13th, 1944.

"That by reason of the injury to the arm and head, the disabling effects of said injury to the head, not becoming manifest or known to the claimant as being the result of the accident until September 4th, 1952, has resulted in a permanent total disability for which the claimant is entitled to compensation for a period of 500 weeks at $18.00 per week, less the compensation heretofore paid claimant."

This proceeding is brought by the employer and State Insurance Fund, hereinafter called petitioners, to review the award.

The record discloses that on October 6, 1944, claimant was injured when the rim flew off a tire striking his arm and forehead. There was no breaking of skin of the head and claimant testified in the present proceeding that at the time he was treated for the broken arm, there was a knot on his head. In his original claim he reported a broken arm for which he was treated and for which apparently the original award for temporary disability was made. In January, 1952, he developed headaches. He was treated by a local physician who advised him to consult a specialist in Oklahoma City which he did. In this same month he went to Idaho where he worked for an individual trucker. Some time prior to October of 1952, he consulted a specialist in brain surgery who performed an operation on his brain. He thereafter returned to Woodward where he is now living. He is permanently and totally disabled according to the undisputed testimony of all of the physicians testifying and filing reports.

■ It is first argued that the State Industrial Commission was without authority to enter an award for the head injury for the reason that it is barred by 85 O.S.1951 § 43. Petitioners cite: Finance Oil Co. v. James, 188 Okl. 372, 109 P.2d 818; Barnes v. Indian Territory Illuminating Oil Co., 170 Okl. 520, 41 P.2d 633. These cases are authority for the rule that where a claim is filed relying specifically upon a stated injury and omits other injuries known to exist at the time by the claimant, the claim for the disability from the omitted injuries is barred under the provisions of the section above referred to. They have no application to cases where the claimant did not know of any other injuries at the time he filed his claim. The rule to be applied in such case is found in Baker & Co. v. Maples, 155 Okl. 105, 8 P.2d 46; Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okl. 565, 63 P.2d 21; and McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P.2d 409. In McCoy Tree Surgery Co. v. Baty, supra, an award was entered for an accidental injury resulting in a heart condition which was not mentioned in the original award. The first paragraph of the syllabus is as follows:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation. Finance Oil Co. v. James, 188 Okl. 372, 109 P.2d 818, and similar cases distinguished."

■ The physician who first treated claimant on behalf of the employer did not discover any injury other than the injury to the arm. Apparently both the physician and claimant considered any blow to the head of no consequence. There is no testimony in the record indicating claimant

knew at any time prior to the events leading up to the present proceeding of any disability due to the accidental injury other than to the arm. We therefore apply the rule announced in the cases last discussed and find that the claim for disability by reason of the head injury was not barred.

In a second and final proposition it is argued that there is no competent evidence reasonably tending to support the finding that the disability resulted from the accidental injury of October 6, 1944. In City of Kingfisher v. Jenkins, supra, it is said in the third paragraph of the syllabus:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based. thereon when reasonably supported will not be disturbed."

Dr. F. of Woodward testified and filed a report for claimant. The conclusion of this doctor is that the injury to the head and the disability resulting therefrom is due to the accidental injury of October 6, 1944, and that by reason thereof claimant is totally and permanently disabled.

We have many times held that the cause and extent of a disability resulting from an accidental injury are questions of fact and if there is any evidence reasonably tending to support the finding of the State Industrial Commission an award based thereon will not be disturbed. City of Kingfisher v. Jenkins, supra; Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; Davon Oil Co. v. State Industrial Commission, 177 Okl. 612, 61 P.2d 579; Safeway Stores v. Brumley, 191 Okl. 270, 128 P.2d 1006.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.