Norman L. TOMBERLIN, Petitioner,

v.

GENERAL AMERICAN TRANSPORTA-
TION CORPORATION, Travelers Insur-
ance Company and the State Industrial
Commission, Respondents.

No. 37052.

Supreme Court of Oklahoma.

April 3, 1956.

Donald Church, Tulsa, for petitioner.

Sanders & McElroy, Tulsa, Mac Q.
Williamson, Atty. Gen., for respondents.

HUNT, Justice.

On the 18th day of October, 1951, Nor-
man L. Tomberlin, petitioner herein, filed
a claim for compensation against General
American Transportation Company and its
insurance carrier, Travelers · Insurance
Company, respondents herein, in which he
states that on August 13, 1951, while in the
employ of General American Transporta-
tion Company he sustained an accidental
injury consisting of a dislocated shoulder,
bone chipped in left arm and hemorrhage
around left elbow. The injury occurred
when he fell from a scaffold. Respondents
paid him compensation for temporary dis-
ability in the sum of $133.33.

On November 23, 1951, petitioner and respondents entered into an agreed settlement as authorized by 85 O.S.1951 § 26, whereby he agreed to settle his claim for compensation for his injury sustained on August 13, 1951, consisting of a dislocated left elbow, bone chipped in left arm and hemorrhage around left elbow on the basis of 15% permanent partial disability to his left arm for the sum of $937.50 subject, however, to the approval of the State Industrial Commission and his right to reopen upon change of condition. The Commission sitting en banc by its order made and entered on the 28th day of December, 1951, approved the agreed settlement and awarded petitioner compensation accordingly. No appeal has been taken from that order.

On March 29, 1955, petitioner filed a motion for the allowance of additional compensation in which he alleges that in addition to the injury sustained by him as a result of his 1951 accident, as stated in his claim, he sustained an injury to his right wrist and is now suffering a high degree of permanent disability to his body as a whole as a result of his combined injuries and prays that his motion be set for hearing for the purpose of determining the extent of his permanent disability.

The trial commissioner declined to hear any evidence on his motion on the theory that his claim for injury to his wrist is barred by limitation and the Commission was therefore without jurisdiction to entertain his claim, and on such theory entered an order denying compensation. The order was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and in his first proposition contends:

"The Trial Commissioner was in error in not permitting the petitioner to testify or offer any evidence in support of his uncontroverted Motion; The Final Order of the Commission En Banc is not in conformity with the offer of proof made to the Trial Commissioner, but is contrary thereto; There is no competent evidence to support the findings of the Commission en banc of the State Industrial Commission."

We think the Commission should have granted petitioner permission to introduce his evidence on the motion. We, however, do not agree with his contention that the finding and order of the Commission is not in conformity with the offer of proof made by counsel for petitioner before the trial commissioner but, on the contrary, it is our opinion that if the evidence offered by petitioner had been admitted under such evidence the Commission could not properly have entered an order other than the order entered in this case. We think, under these circumstances, the Commission had the right to treat the offer of proof made by petitioner as evidence in the case and enter an order accordingly. Under the record herein we do not think petitioner's rights have been prejudiced by the failure of the Commission to receive the offered evidence.

Counsel for petitioner in making offer of proof stated that the evidence, if admitted, would establish the following facts: Claimant was working for respondent on August 13, 1951, and fell from a scaffold about twenty-five feet from the ground and sustained certain injuries to his body, being a dislocated left elbow and fractured right wrist; that due notice was given by claimant to respondent insurance carrier and claimant was seen by a doctor at Cushing, Oklahoma, where he was given medical treatment and hospitalization. The examination included X-rays which showed that claimant, as a result of his accident, had sustained an injury to his left elbow and to his right wrist, and that the doctor so informed claimant; that claimant was thereafter interviewed by the adjuster of the insurance company and who took claimant's statement and then paid him five weeks compensation. Claimant returned to work for respondent as a timekeeper and a settlement was subsequently made with him in the sum of $937.50, which amounted to 15% permanent partial disability to the left arm. Claimant, at the time he discussed his injury with the insurance adjuster, informed

him that he had a pain and weakness in his right wrist as a result of his accident. Thereafter claimant entered the army and remained in the army two years where he performed limited service as a personnel clerk. After he was released from the army claimant consulted a doctor in Tulsa, Oklahoma, who examined him on February 15, 1954, and again in May, 1955; that the doctor would testify that claimant had a 25% permanent partial disability to the body as a whole as a result of the injury to his left elbow and right wrist. The insurance adjuster made out all forms for claimant, including Form 14, which constitutes the settlement agreement. At the time of the settlement agreement the adjuster advised him that he had five years thereafter to reopen on the ground of change of condition and obtain further compensation.

Petitioner, however, in his motion does not allege fraud on the part of the respondents in procuring the agreed settlement and counsel at the hearing stated that he does not charge fraud in obtaining the settlement.

It will be noted that in his offer of proof counsel for petitioner, in effect, states that petitioner had knowledge of the injury sustained to his right wrist at the time he filed his claim for compensation and at the time he entered into the agreed settlement, and that in neither of these instruments did he claim compensation for injury to his right wrist.

Since petitioner knew of the injury to his wrist, as above stated, and made no claim for compensation for such injury within one year after the injury occurred his claim for compensation for such injury is barred by limitation. 85 O.S.1951 § 43.

In Finance Oil Co. v. James, 188 Okl. 372, 109 P.2d 818, we held:

"Where a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer or assert any claim for compensation therefor within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries."

See, also, Barnes v. Indian Territory Illuminating Oil Co., 170 Okl. 250, 41 P.2d 633.

Petitioner, to sustain his contention, relies on McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P.2d 409, and other similar cases. In these cases we held that exact precision is not required in describing the nature and extent of accidental injury on a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation.

In none of these cases, however, does it appear that claimant had knowledge at the time he filed his claim that as a result of the accident occurring he had sustained any injury other than the injury stated in his complaint. It, however, thereafter developed in each of said cases, that in addition to the injury stated in his claim claimant had sustained, as the result of the same accident, other and additional injuries and thereupon claimed and was awarded compensation by the Commission at the original hearing for such additional injuries. In this case, however, it appears from the statements made by counsel in his offer of proof that petitioner had knowledge at the time he filed his claim for compensation and at the time he entered into the agreed settlement that in addition to the injury therein stated he had sustained an injury to his right wrist in the same accident, and made no claim for compensation for such injury until he filed his motion herein which was long after the time the original award entered awarding him compensation on approval of the agreed settlement became final and more than one year after he

sustained such injury. Therein lies the distinction between the cases relied upon by petitioner and this case. See, in this connection, Dover Oil Corporation v. Bellmyer, 175 Okl. 19, 52 P.2d 761. In Woodward County v. Davis, Okl., 282 P.2d 236, 237 it is stated:

"An award made for temporary disability on a claim filed showing an injury to an arm does not prevent a further award for permanent disability by reason of a head injury where the evidence substantially discloses that no injury to the head was known at the time of the filing of the original claim."

The contention of petitioner that the order entered by the Commission en banc is not in conformity with the offer of proof made by petitioner is not sustained by the record.

What is above said also disposes of the contentions made by petitioner in his propositions numbered 2 and 3.

■ Petitioner in his brief argues that since the insurance adjuster knew of the injury to the wrist at the time the agreed settlement was entered into and told petitioner that he had five years thereafter to reopen the case, he thereby on behalf of his company waived the statute. We do not agree. Since petitioner knew of the injury to his right wrist at the time he entered into the agreed settlement, if he thought such injury disabling he should have claimed compensation for such injury in that settlement. Since he failed to do so he may not now recover compensation for such injury. Williams v. Central Dairy Products, 205 Okl. 266, 236 P.2d 984.

We conclude the Commission ruled correctly in holding petitioner's claim for injury to his right wrist barred by limitation and in entering an order denying compensation.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.