**Emery E. HAMBLEY, Claimant,**

v.

**FOSTER WHEELER CORPORATION, Liberty Mutual Insurance Company, and the State Industrial Court, Respondents.**

**No. 40547.**

Supreme Court of Oklahoma.

June 30, 1964.

Rehearing Denied July 28, 1964.

Application for Leave to File Second Petition for Rehearing Denied Oct. 6, 1964.

George Campbell, Sand Springs, and Brown & Stewart, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, for respondents.

WILLIAMS, Justice.

The question for determination, in this original action brought to vacate an order of the State Industrial Court en banc which in turn vacated an award previously made to a claimant by a trial judge of that court, is whether such order of that court en banc should be sustained upon the ground that the applicable statute of limitation had run as against a claim that claimant's back had been injured before he filed claim therefor,

his original claim having been only for a leg injury.

On the 15th day of March, 1961, petitioner filed a claim for compensation with the State Industrial Court of Oklahoma. He alleged that on May 12, 1960, while in the employ of respondent, Foster Wheeler Corporation, he sustained an accidental injury to his left leg.

The cause was set for trial on May 16, 1961. At that time petitioner requested and was permitted to file an amended claim making the Special Indemnity Fund a party. Such claim re-alleged injury to the left leg. The cause was continued until September 4, 1962. On such date petitioner requested and was granted permission by the trial judge to again amend his claim. Thereupon petitioner amended by interlineation alleging an injury to his back in addition to the leg injury. The respondents requested and were granted a continuance because of the newly alleged back injury.

The respondent's answer to petitioner's amended claim consisted of a general denial and affirmative pleas that notice of the alleged back injury was not given within the statutory period of time and that the claim for the alleged back injury was barred by the applicable statute of limitation for the reason that such claim was not filed within one year from the date of the last payment of any compensation or remuneration paid in lieu of compensation.

The cause was tried on the 10th day of December, 1962. At the close of the hearing the trial judge found that claimant sustained an injury to his back and left leg resulting in 15% permanent partial disability to his body as a whole. Respondents appealed from the trial judge's order to the State Industrial Court en banc. After oral argument the Court en banc issued its order vacating the order of the trial judge, denied disability to the leg and held that the alleged injury to the back was barred by the statute of limitation.

Petitioner brings this case here for review of such order of the Court en banc. For reversal, petitioner advances two proposi-

tions. The first is that "The petitioner herein, as a matter of law and evidence, is entitled to recover". Petitioner's second proposition is that "The order of the trial court which awarded this petitioner compensation benefits should be upheld as a matter of law and evidence." For the reasons hereinafter set forth, we decline to follow the arguments advanced by petitioner in support of his propositions.

Dr. W., testifying for the petitioner, stated that he first saw the petitioner on October 10, 1961, at which time he had complaints in his low back and left knee. Dr. W.'s conclusion was "that this condition [back] was causing the pain which the patient was complaining of in his knee."

Petitioner does not contend that he is entitled to compensation for the injury to his leg. It is to be noted that there is no evidence in the record tending to show in any manner that petitioner is entitled to compensation for the injury to his leg.

Title 85 O.S.1961 § 43 provides, in pertinent part, as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation. * * *"

Petitioner testified that "during the second or third or fourth trip, or call that I made to the doctor", (Dr. J. to whom respondents sent him for treatment for the leg injury), "I told him my back was causing me some trouble." Dr. J. first treated petitioner on May 12, 1960, and subsequently saw him on May 20, 1960, May 27, 1960, June 3, 1960, and June 17, 1960.

In the case of Tomberlin v. General American Transportation Corp., Okl., 295 P.2d 811, in the syllabus, we held:

"Where claimant at the time an award is made for an accidental injury knows of an injury other than that for which he is being compensated and exercises his judgment as to the seriousness of such other injury and neglects to assert any claim for compensation for such injury within one year after the original accident, his claim for such other injury is barred by limitation and he may not thereafter be permitted to recover compensation for such injury."

See also Finance Oil Co., v. James, 188 Okl. 372, 109 P.2d 818, and Barnes v. Indian Territory Illuminating Oil Co., 170 Okl., 250, 41 P.2d 633.

Petitioner's testimony of effect that he knew of his alleged back injury within thirty days after he sustained an accidental injury has been noted hereinabove. It is here noted that he did not amend his claim for compensation filed with the State Industrial Court to include the alleged back injury until approximately two and one-third years after the date of such alleged back injury.

In the case of Finance Oil Co. v. James, supra, the claimant filed a claim for an injury to one of his wrists. Thirteen years later he attempted to reopen his case, alleging that in the initial accident he sustained injuries to his head and spine. In that case we said:

"The two injuries were so unrelated in character that a claim for compensation for the one would in no sense impart notice of or include the other."

In the instant case, we have a similar situation. The filing of a claim alleging a leg injury would not include allegations of an injury to the back.

We conclude that the State Industrial Court ruled correctly in holding petitioner's claim for injury to his back to have been barred by limitation and in entering an order denying compensation.

Order denying award sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.