1999 OK 84

**Robert SNEED, Petitioner,**

v.

**McDONNELL DOUGLAS, Industrial Indemnity Company, and The Workers' Compensation Court, Respondents.**

**No. 91,259.**

Supreme Court of Oklahoma.

Oct. 26, 1999.

J.L. Franks and Kathryn Burgy of Frasier, Frasier & Hickman of Tulsa, Oklahoma, for claimant.

Michael W. McGivern and Andrew D. Downing of Rhodes, Hieronymus, Jones, Tucker & Gable of Tulsa, Oklahoma, for respondents.

LAVENDER, J.

¶1 Resolution of today's appeal centers on whether a claimant's failure to schedule (on a Form 3) or otherwise give notice to his employer of a *known* bodily injury – the product of cumulative trauma – within two years of last exposure to a harm-dealing micro-traumatic event results in the claim being time barred.[1]

I

## FACTS AND PROCEDURAL HISTORY

¶2 Sneed [claimant] was employed by McDonnell Douglas [respondent or employer] for approximately eighteen years deburring metal. His work required the repetitive use of his hands, wrists and arms. He was last exposed to injury-causing micro-trauma on December 10, 1993. He was laid off on February 25, 1994.

¶3 Sneed filed a Form 3 on December 13, 1993, seeking compensation for cumulative-trauma injury to both arms and wrists. When he filed his claim, he did not list his shoulders as an injured body part even though – as he later testified[2] – he was aware of the pain in his shoulders when he was last exposed to employment-related trauma. Claimant believed that his shoulder pain was associated with his arm injuries and surmised that it would dissipate when the bodily injuries scheduled on his Form 3 were ameliorated.

¶4 The trial court entered its order on August 31, 1994 granting claimant temporary total disability [TTD][3] and ordering medical treatment for both arms and his right hand. The issue of injury to his left hand was reserved.

¶5 In September 1996 McDonnell Douglas [employer or respondent] filed an amended Form 10 which alleged Sneed was not pursuing the medical care directed by the trial court and hence sought credit for an overpayment of TTD. In response claimant sought permanent partial disability [PPD] and further requested a vocational rehabilitation evaluation. The trial court ordered medical examination by an independent medical examiner [I.M.E.] In the I.M.E.'s report

---

1. *See* the pertinent terms of 85 O.S.1991 § 43 which provide:
 "A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided, however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. *Provided further however, with respect to disease or injury caused by*

*repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.*"

2. Trial transcript, December 11, 1997, p. 8-9.

3. *See Bama Pie, Inc. v. Roberts*, 1977 OK, 565 P.2d 31, 34, where the Court defined temporary total disability as "the healing period, or that period of time following accidental injury when an employee is totally incapacitated for work due to illness resulting from injury."

he opined that Sneed suffered from a shoulder impingement as the result of cumulative trauma – the same harm-dealing events which had precipitated the compensable arm-and-wrist injury for which Sneed had already received TTD. The I.M.E. recommended that Sneed's chronic shoulder impingement be surgically corrected. On *September 12, 1997* [more than three years after the last date of exposure to trauma] claimant filed a Form 13 seeking the medical treatment recommended by the trial court's doctor. On December 24, 1997 the trial court (1) amended its earlier order, (2) found that the claimant had sustained injury to both shoulders related to on-the-job cumulative trauma last experienced by the claimant on December 10, 1993, (3) ruled that the shoulder-injury claim was not time barred, (4) directed respondent to provide necessary medical treatment, and (5) granted Sneed an extended period of TTD.

¶ 6 Employer sought review by a three judge panel. After consideration of the record, the panel found that Sneed's workers' compensation claim for his shoulder injury is time barred and partially reversed the trial tribunal's compensation order. On appeal the Court of Civil Appeals [COCA] reversed the three-judge panel's decision insofar as it held the shoulder claim time barred. Employer then sought certiorari which was granted.

## II

### THE STANDARD OF REVIEW

 ¶ 7 When this Court examines a workers' compensation court's factual find-

ings, we apply the any-competent-evidence standard.[4] If supported by competent evidence, the trial court's findings may not be disturbed on review.[5]

 ¶ 8 While a *three-judge panel's* review of the trial tribunal's findings is governed by a *clear-weight-of-the-evidence test,*[6] the Court – when examining that tribunal's factual resolutions – applies the *any-competent-evidence standard.*[7] If supported by competent evidence, the panel's findings may not be disturbed on review.[8]

 ¶ 9 A statute-of-limitation issue ordinarily presents a mixed question of fact and law. Even though the trial court's factual determinations relative to the statutory time bar [if supported by any competent evidence] will not be independently reviewed, application of the 85 O.S.1991 § 43 [9] time bar to render a claim not remediable is a conclusion of law and hence is subject to de novo review by this Court. [10]

## III

### SNEED'S SHOULDER–INJURY CLAIM IS BROUGHT TOO LATE AND IS TIME BARRED

 ¶ 10 Under the workers-compensation regime enacted in Oklahoma a job-related accidental physical injury is compensable if the worker timely seeks relief. The parties do not controvert that although Sneed

---

4. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, 684 P.2d 548, 549.

5. *Carpenter v. Douglas Aircraft Co.,* 1966 OK 218, 420 P.2d 911, 912 syl.2; *Leffler v. McPherson Brothers Transport,* 1964 OK 225, 396 P.2d 491, 493.

6. 85 O.S.1991 § 3.6A.

7. *Owings v. Pool Well Service,* 1992 OK 159, 843 P.2d 380, 382–383; *Lacy v. Schlumberger Well Service,* 1992 OK 54, 839 P.2d 157, 160.

8. *Leffler v. McPherson Brothers Transport,* 1964 OK 225, 396 P.2d 491, 493.

9. The pertinent terms of 85 O.S.1991 § 43 are:

"A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation court. Provided, however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. *Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.*"

10. *Munsingwear, Inc. v. Tullis,* 1976 OK 187, 557 P.2d 899, 902.

was aware of *pain in his shoulders* when he first filed Form 3 alleging a compensable work-related injury, he did not schedule them as an injured body part. They also agree that the claimant's injuries are the result of cumulative trauma to which Sneed was last exposed on December 10, 1993. The first time Sneed sought relief under the Workers Compensation Act [11] ["Act"] for his shoulder injury was on September 12, 1997 – more than three years after his original claim was filed. McDonnell Douglas asserts the statutory time bar of 85 O.S.1991 § 43 [12] which requires that a workers compensation claim (which is the result of cumulative trauma) be brought *within two years* after last exposure to harm-dealing events. The § 43 time bar is a true statute of limitation and acts upon the statutorily-afforded remedy and not the claimant's right.[13] As such the limitation period can either be tolled or waived.[14] Because Sneed brings his shoulder claim more than three years after his last exposure to job-related trauma, his shoulder injury is not remediable under the Act *sans* an exception which would toll the time within which the claim can be brought.

¶ 11 The statutorily-prescribed regime of limitations which governs compensation claims of workers injured on the job is completely self-contained.[15] The Court historically has rejected attempts to impose upon the legislatively-declared time-bar [for workers' compensation claims] conceptual transplants – e.g., the tort discovery rule – from the common law or to borrow enactments applicable to district court litigation.[16] The argument that the limitation period for a workers' compensation claim begins to run only when the injury occasioned by the work-related accident becomes *fully* apparent is neither consistent with § 43's language nor embraced by Oklahoma's extant jurisprudence.[17]

¶ 12 The construction of § 43 adopted today is consistent with the plain and ordinary meaning of the *unambiguous* language used by the Legislature in crafting the limitation period for accidental injuries occasioned by cumulative trauma.[18] Workers' compensation claims for cumulative-trauma injuries – other than injuries caused by asbestosis, silicosis or nuclear radiation [19] – must be brought within two years of last exposure to the harm-dealing micro trauma. The Legislature's will is explicitly and clearly declared in the statute's language. For purposes of the Act cumulative-trauma injuries can be inflicted *no later* than the last date of exposure to the harm-dealing event. If a claim for compensable injury [caused by cumulative trauma] is filed more than two years after this date, the employer may assert the statutory time bar and avoid liability under the Act.

¶ 13 Claimant would have the Court hold that the § 43 time bar *was tolled* by his timely filing a Form 3 for arm and hand injuries that emanated from the same job-related trauma which caused his shoulder injury. Such effect is not legally sustainable under the aegis of § 43. Sneed testified that he knew of pain in his shoulders as of the date of last exposure to job-related trauma. Claimant obviously relied upon his own judgment in assessing the seriousness and extent of any harm to his shoulders. He ignored what would otherwise be indicia of a shoulder injury – i.e., pain in his shoulders – and concealed the same from his employer. Although the statutory limitation periods for bringing workers' compensation claims have

---

11. 85 O.S.1991, §§ 1 et seq.

12. For the pertinent terms of 85 O.S.1991 § 43, see *supra* note 1.

13. *Smedley v. State Indus. Court,* 1977 OK 55, 562 P.2d 847, 849; *Munsingwear, supra* note 4 at 901.

14. *Logan County v. York,* 1954 OK 120, 270 P.2d 968, 969.

15. *Indian Territory Illuminating Oil Co. v. Crown,* 158 Okla. 51, 12 P.2d 689, 692 [1932].

16. *McDonald v. Time–DC, Inc.,* 1989 OK 76, 773 P.2d 1252, 1256 n. 13.

17. *Id.* at 1254; *Munsingwear, supra* note 10 at 903.

18. For the pertinent terms of 85 O.S.1991 § 43, see *supra* note 1.

19. *See Coy v. Dover Corp./Norris Div.,* 1989 OK 71, 773 P.2d 745, 748.

changed, the principle of reporting all *known* injuries has not and is well stated in *Barnes v. Indian Terr. Ill. Oil Co.*, 170 Okla. 520, 41 P.2d 633 (Okla.1935).[20] There the Court held:

> "Where a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries." Id. at 635.

Under the present cause's facts the claimant's shoulder condition cannot be said to be *after manifested.*[21] As of Sneed's last date of exposure to job-related cumulative trauma he was as much aware of pain in his shoulder as he was the pain in his arms and wrists. Claimant filed a Form 3 alleging compensable injury to the latter body parts but for reasons personal to himself he decided not to schedule his shoulders as injured. He attempted to bring the claim for a known cumulative-trauma injury to his shoulders more than three years after the last date of exposure to the harm-dealing events. Under the terms of § 43 and Oklahoma's extant jurisprudence Sneed's claim for shoulder injury is time barred.[22]

### IV

### SUMMARY

 ¶ 14 Where, as here, on the date of last exposure to cumulative trauma the claimant is aware of pain in several body parts and elects when he files his Form 3 to schedule some, but not all, of the affected areas, he cannot be later heard to claim the injury as after manifested. The claimant's silence about known pain possesses the potential for delayed or foregone treatment which would facilitate a more timely re-entry into the work force. Since pain is an indicia

of injury 'and the claimant, as the injured party, is in the best position to initially assess the same, he/she must bring the claim for such injury (when it is caused by cumulative trauma) within the two-year statutory limitation period or face assertion of the statutory time-bar by the employer. The three-judge panel correctly characterized Sneed's attempt to claim shoulder injury (induced by cumulative trauma and brought more than two years after last experiencing micro-traumatic episodes) as time barred under the terms of § 43.

¶ 15 Upon certiorari earlier granted,

THE COURT OF CIVIL APPEALS' OPINION IS VACATED AND THE THREE–JUDGE PANEL'S DECISION IS SUSTAINED.

¶ 16 HARGRAVE, V.C.J., HODGES, OPALA, KAUGER and WATT, JJ., concur.

¶ 17 SUMMERS, C.J., concurs in part; dissents in part.

**20.** *See also Finance Oil Co. v. James*, 188 Okla. 372, 109 P.2d 818, 819 (Okla.1941).

**21.** For a discussion of the law applicable to after-manifested pathology, i.e., changed condition, and its relation to the § 43 time bar, see *Benning v. Pennwell Publishing Co.*, 1994 OK 113, 885 P.2d 652, 655–656.

**22.** *Hambley v. Foster Wheeler Corp.*, 1964 OK 150, 395 P.2d 582, 584; *Tomberlin v. Gen. Am. Transportation Corp.*, 1956 OK 116, 295 P.2d 811, 813.