2003 OK 33

**Rusty ROBERTS, Own Risk, Petitioner,**

v.

**The UNIVERSITY OF IOWA HOSPITALS AND CLINICS, and The Workers' Compensation Court, Respondents.**

No. 95,817.

Supreme Court of Oklahoma.

March 18, 2003.

**454**

Daniel L. Durocher, Edmond, OK, for Petitioner.

David Custar, Norman, OK, for Respondents.

HODGES, J.

¶ 1 In this matter, the Court of Civil Appeals reviewed a Workers' Compensation Court order directing payment for medical services provided to an injured employee. This Court holds that the medical provider's Form 19 request for medical payment was not barred by the statute of limitations and that on remand the Workers' Compensation Court must provide the basis for its decision concerning the amount of allowed charges.

¶ 2 Cole Jungers (Claimant) sustained a work related injury in 1989 while working for Rusty Roberts (Employer). In June, 1992, the Workers' Compensation Court determined that Claimant was permanently partially disabled as a result of injuries to his head, neck, shoulders, lower back, and right foot. A December, 1993, order found that Claimant had sustained a change of condition for the worse and authorized medical treatment. It expressly reserved the issue of alleged bladder and bowel dysfunction for future hearing. Another change of condition for the worse was adjudicated in July, 1996. That order was silent as to any bladder or bowel dysfunction. In February, 1998, Claimant and Employer entered a Joint Peti-

tion settlement, approved by the Workers' Compensation Court, covering claims for injury to Claimant's "[h]ead, left shoulder, neck, back, right foot, body as a whole, including all injuries known and unknown."

¶ 3 The medical provider, University of Iowa Hospital and Clinics (Hospital), filed its Form 19 request for payment of medical charges on December 7, 1998. The request covered $22,348.03 in charges from February 18, 1994, to the date of filing with $1,235.48 having been paid. Employer opposed the request asserting the statute of limitations and also asserting that the Workers' Compensation Court Administrator's Schedule of Medical and Hospital Fees (Fee Schedule) should be applied to reduce the unpaid charges.

¶ 4 The Workers' Compensation Court rejected Employer's statute of limitations defense and ordered payment of "$21,112.55 as full, final and complete payment per the Oklahoma Medical Fee Schedule." A three judge panel affirmed the order. The Court of Civil Appeals vacated and remanded holding that a portion of the requested payment was barred by the statute of limitations. It required the trial tribunal, on remand, to make specific findings concerning its apparent refusal to follow the Fee Schedule. This Court granted certiorari review.

## I. STATUTE OF LIMITATIONS

¶ 5 Statute of limitations issues in Workers' Compensation ordinarily are mixed questions of fact and law. *Sneed v. McDonnell Douglas*, 1999 OK 84, 991 P.2d 1001, 1004; *Munsingwear, Inc. v. Tullis*. 557 P.2d 899. (Okla 1976). "Even though the trial court's factual determinations relative to the statutory time bar, if supported by any competent evidence, will not be independently reviewed," if application of the time bar is a mere conclusion of law, it is subject to de novo review by this Court. *Sneed*, 991 P.2d at 1004 (footnotes omitted). *See also Tullis*, 557 P.2d at 902.

¶ 6 The three year limitations period provided in Title 12, section 95(2), of the Oklahoma Statutes applies to a medical provider's Form 19 claim for payment. *Forten-*

*bacher v. Guardsmark, Inc.*, 867 P.2d 487, 489 (Okla.Ct.Civ.App.1993). The limitations period does not begin to run until all elements are present to pursue a request for payment to a successful conclusion. *Chumley v. Climate Master, Inc.*, 1999 OK CIV APP 34, 979 P.2d 759, 761. "It is only after a claim/notice has been filed, Workers' Compensation Court jurisdiction has been assumed, and an adjudication has been made that the injury was work-related, that a medical care provider may seek in the Workers' Compensation Court reimbursement for services rendered." *Romero v. Workers' Compensation Court*, 863 P.2d 1251, 1254 (Okla. 1993).

¶ 7 The Court of Civil Appeals held that Employer was liable only for services provided within the three years preceding the filing of Hospital's Form 19. It held that there had been no determination that the bladder and bowel dysfunction were work related. The record in this matter, however, does not support that conclusion.

¶ 8 Following the initial determination in 1992, that a work related injury had left Claimant partially disabled and in need of medical treatment, the extent of the injury remained unresolved. The order adjudicating a change of condition for the worse in 1993 expressly reserved the issue of bladder and bowel dysfunction for future hearing. The extent of Claimant's injury remained unresolved in 1996 when a second change of condition order was silent as to the issue.

¶ 9 It was not until the 1998 Joint Petition which included "all injuries known and unknown" that a final determination of the extent of Claimant's injury was adjudicated and Employer agreed to be responsible for all reasonable and necessary medical bills resulting from the injury. Until that time, Hospital could not have successfully asserted its claim for reimbursement for the medical services it rendered concerning Claimant's bladder and bowel dysfunction. Hospital had three years from the Joint Petition settlement to file its Form 19. Its claim was not barred by the statute of limitations.

## II. FEE SCHEDULE

¶ 10 The trial tribunal awarded the full unpaid amount which Hospital sought finding:

THAT the [Employer's] objection to payment is overruled. [Employer] shall pay [Hospital] the amount of $21,112.55 as full, final and complete payment per the Oklahoma Medical Fee Schedule.

In the finding, the trial tribunal purports to have followed the Fee Schedule, yet the entire unpaid amount claimed was awarded. There are at least three possible explanations for this result: (1) the trial tribunal declined to follow the Fee Schedule despite the representation that he did; (2) the trial tribunal applied the Fee Schedule but somehow found that it did not reduce the amount due the Hospital; or (3) the trial tribunal followed the Fee Schedule but entered the wrong amount in the order. On remand, the trial tribunal shall address the apparent internal inconsistency and record the basis for its decision in its order awarding payment of medical expenses.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER OF WORKERS' COMPENSATION COURT VACATED; CAUSE REMANDED TO WORKERS' COMPENSATION COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

¶ 11 WATT, C.J., OPALA, V.C.J., LAVENDER, HARGRAVE, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 12 KAUGER, J., concurs in result.