2004 OK CIV APP 76

## FORD ROOFING & SHEET METAL COMPANY and Mega Life and Health, Petitioners,

v.

## Alejandro VENEGAS and The Workers' Compensation Court, Respondents.

### No. 100,114.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 20, 2004.

Certiorari Denied Sept. 13, 2004.

Kris Boyd, Barry Zlotogura, Carol Korten Zlotogura, Zlotogura & Zlotogura, Edmond, OK, for Petitioners.

John D. Valentine, Ryan, Bisher, Ryan, Oklahoma City, OK, for Respondent Alejandro Venegas.

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Petitioners Ford Roofing & Sheet Metal Company (Employer) and Mega Life and Health (Insurance Company) seek review of an order of a three-judge panel of the Workers' Compensation Court which affirmed the trial court's decision that Respondent Alejandro Venegas's claim was filed within the limitations period. We sustain the order.

¶ 2 Venegas filed a Form 3 April 5, 2001, in which he alleged he suffered a job-related injury to the left heel March 10, 2001. Venegas filed a Form 100 to dismiss the case without prejudice May 14, 2001. Employer last provided treatment for Venegas August 30, 2001. Venegas filed a second Form 3 April 29, 2003, in which he again sought compensation for the March 10, 2001 injury, which he alleged affected his left foot and left leg. Venegas also sought compensation for a consequential injury to the back.

¶ 3 At trial, Employer admitted an injury to Venegas's foot. Employer disputed the consequential injury. The primary dispute at trial was whether Venegas's second Form 3 was timely filed. In its order, which found Venegas sustained an injury to the left foot

and consequential injury to the back arising out of and in the course of his employment, the trial court held that Venegas's Form 3 was timely because it was filed within two years of the date of last treatment. The trial court held that 85 O.S.2001 § 43(B), which allows one year to refile a dismissed claim, does not operate to shorten the § 43(A) two year statute of limitation. Employer appealed to the three-judge panel which affirmed the trial court's order.

¶ 4 In this review proceeding, Employer challenges only the finding that Venegas's claim was timely-filed. The parties do not dispute the facts. In workers' compensation cases, a statute of limitations issue typically is a mixed question of law and fact. *Sneed v. McDonnell Douglas*, 1999 OK 84, 991 P.2d 1001, 1004. The trial court's factual decisions relating to the statutory time bar are reviewed only to determine whether they are supported by any competent evidence. *Id.* Application of 85 O.S.2001 § 43 to render a claim time barred is a conclusion of law and is therefore subject to *de novo* review. *Id.* The dispute in this case is over the application of § 43 to the undisputed facts. We accordingly review the trial court's decision *de novo*.

¶ 5 Section 43(A) provides, in pertinent part:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, *a claim may be filed within two (2) years of the last payment of any* compensation or remuneration paid in lieu of compensation or *medical treatment* which was authorized by the employer or the insurance carrier....

(Emphasis added).[1] The trial court found that Venegas filed his second Form 3 within two years of the date of last medical treatment. Employer asserts that Venegas's

---

1. The Oklahoma Supreme Court has held that under § 43(A) a claim for compensation may be brought within two years of the last payment for

medical treatment. *Ibarra v. Hitch Farms*, 2002 OK 41, 48 P.3d 802.

Form 3 was untimely because of the provisions of § 43(B):

> When a claim for compensation has been filed with the Administrator as herein provided, ... the claimant may, upon the payment of the Court's filing fee, dismiss any claim brought by the claimant at any time before final submission of the case to the Court for decision.... Such dismissal shall be without prejudice unless the words "with prejudice" are included in the order. *If any claim that is filed within the statutory time permitted by this section is dismissed without prejudice, a new claim may be filed within one (1) year after the entry of the order dismissing the first claim even if the statutory time for filing has expired.*

(Emphasis added). Employer argues that this language in § 43(B) requires that following dismissal, a new claim must be brought within one year, regardless of when the case was dismissed. In this case, if Venegas had not filed his original Form 3, his second Form 3 undisputably would have been timely-filed because it was filed within two years of the date of last medical treatment. Employer's argument therefore requires the result that a claimant's dismissal without prejudice under § 43(B) shortens the statutory limitations period for filing a claim.

¶ 6 Employer contends that once a claimant dismisses his claim, § 43(A) no longer applies and the one year refiling time provided in § 43(B) becomes the new limitations period. Venegas counters that the one year period for refiling in § 43(B) is in the nature of a savings clause, because it extends the limitations period up to one year beyond the original two year limitations period. Venegas argues that a savings clause does not operate to shorten the statute of limitations.

¶ 7 We have found no Oklahoma case addressing this issue. We analogize this issue to the holding in *Mertz, Inc. v. Gulley*, 1983 OK CIV APP 18, 663 P.2d 753, which addressed the provision under § 43(B) for the court to dismiss a workers' compensation claim for lack of prosecution.[2] In that case the Oklahoma Court of Civil Appeals explained:

> It is our interpretation of the statute that the claimant must, within five years of the filing of the form 2, file his formal claim, and, in good faith, request a hearing and final determination of his claim, or be barred from recovery on such claim. Of course, if compensation is paid or medical treatment authorized during or beyond that period, then the claimant shall have one year from the last payment or treatment, *if that date exceeds the five year period.*

*Id.* at 754–755 (emphasis added).[3]

¶ 8 Similarly, the Oklahoma Supreme Court has held that the savings statute for civil cases, 12 O.S.2001 § 100,[4] which has similar language, does not operate to shorten the limitations period, but only affords an extra year to refile if a case fails other than on the merits after the original limitations period has expired. See *Grider v. USX Corp.*, 1993 OK 13, 847 P.2d 779 [5] and *U.S.*

---

**2.** That portion of § 43(B) now provides:

B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder....

**3.** The five year period in the statute at the time of *Mertz* has since been shortened to three years.

**4.** Section 100 provides:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

**5.** In that case the court explained that the trigger was not the date of dismissal by the plaintiff because the limitations period had not run at the time of that dismissal:

First, let it be understood that no defendant urges that the one-year savings period began to run with the September 29, 1986 voluntary

*Fire Ins. Co. v. Swyden,* 1935 OK 1191, 53 P.2d 284.[6] *Grider* explained the basis for the term savings statute: "(t)he statute has been termed a savings statute as it permits the filing of an action after the statute of limitations has run. It acts to extend the statutorily-established limitations period." 847 P.2d at 783 (citation omitted).

¶9 The one year extension afforded by § 43(B) indicates that it applies if the limitations period has run. We conclude the legislature intended the provision to operate similarly to the 12 O.S.2001 § 100 savings statute. It would be inequitable to hold that a claimant loses the benefit of the full limitations period by dismissing his claim without prejudice before the expiration of the limitations period. On *de novo* review, we find the three-judge panel correctly affirmed the trial court's decision the Venegas's claim was timely-filed in this case.

SUSTAINED.

ADAMS, J., and JONES, J., concur.

dismissal of the first case filed in state court. Whether this is because no defendant named in that first suit believed that limitations had run as to it prior to dismissal, or because of some other reason, that first state court dismissal is of no consequence here. Our interpretation of Section 100 has been, and is, that it affords one and only one refiling if a case is dismissed after limitations has run.
*Id.* at 783.

**6.** In *Swyden,* the court explained the operation of the savings statute:
(T)he grace period is not a release of the original limitation, nor even an extension thereof for all purposes, but is only a conditional, limited extension granted plaintiff because the suit which he did file in time, consumed some time in court before dismissal, carrying him beyond the original limitation date, possibly without any fault of his own. *That he could file and dismiss as often as he desired within the original period of limitation has nothing to do with it, for at that time there was no bar at all.* Once, however, he passes the bar he is on the law's own time, and is permitted to ignore the statute only by virtue of legislative exception especially created for the occasion.
*Id.* at 288 (emphasis added).