2013 OK CIV APP 73

**Tyler VOLKL, Plaintiff/Appellant,**

v.

**Michael Thomas BYFORD, Defendant/Appellee,**

and

**Lesli Byford, Defendant.**

**No. 110,772.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 19, 2013.

410

Donald E. Smolen, II, Smolen, Smolen & Roytman, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant.

A. Mark Smiling, Smiling & Miller, P.A., Tulsa, Oklahoma, for Defendant/Appellee.

P. THOMAS THORNBRUGH, Presiding Judge.

¶ 1 Plaintiff Tyler Volkl appeals the district court's order dismissing his auto negligence suit against Michael Thomas Byford because the statute of limitation period had expired. On review, we find the relation back doctrine is applicable in this case, and reverse the district court's decision.

## BACKGROUND

¶ 2 On July 6, 2009, a vehicle driven by Volkl collided with a vehicle driven by defendant Michael Byford. On June 28, 2011, Volkl filed suit in Creek County Case No. CJ–2011–305. Volkl's petition incorrectly named the *owner* of the vehicle, Byford's mother Lesli Byford, as the *driver*. On July 20, 2011, Volkl filed an amended petition in Creek County, correctly naming Michael Byford as the driver, and stating a negligent entrustment claim against Lesli Byford. Volkl voluntarily dismissed the Creek County case, and refiled his petition in Tulsa County, Case No. CJ–2011–4641, on August 19, 2011. Michael Byford answered with a motion to dismiss on statute of limitations grounds, arguing that he was sued beyond the two-year statute of limitations provided by 12 O.S.2011 § 95(3). Volkl argued that the claims against Michael Byford related back to his original petition, which was filed within the statute of limitations.

¶ 3 On December 7, 2011, the district court granted Michael Byford's motion to dismiss by minute order. On December 9, the court issued a journal entry to that effect and, on May 9, 2012, issued an order certifying this matter for appeal.

## STANDARD OF REVIEW

¶ 4 "A statute-of-limitations issue ordinarily presents a mixed question of fact and law." *Sneed v. McDonnell Douglas,* 1999 OK 84, ¶ 9, 991 P.2d 1001, 1004. However, this matter was presented as a motion to dismiss, and the standard of review before the court is *de novo. Hayes v. Eateries, Inc.,* 1995 OK 108, ¶ 2, 905 P.2d 778, 780.

## ANALYSIS

¶ 5 Volkl's July 20, 2011 and August 19, 2011 petitions against Michael Byford were filed outside the applicable statute of limitations. His June 28, 2011 petition against Lesli Byford was filed within the applicable statute of limitations. Therefore, Volkl must rely on the relation back doctrine to bring his petition against Michael Byford within the statute of limitations.

¶ 6 Oklahoma's relation back doctrine, adapted from Rule 15(c) of the Federal Rules of Civil Procedure "is remedial and promotes the general purpose of the federal rules by 'providing the opportunity for a claim to be tried on its merits rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed.'" *Pan v. Bane,* 2006 OK 57, ¶ 9, 141 P.3d 555, 559 (quoting 3 Moore's Federal Practice, § 15.19[3][a](3d ed. at 15–84)).

¶ 7 "Three requirements must be met in order for an amendment adding a new party to relate back to the original filing of the action." *Id.* at ¶ 10, 141 P.3d at 559. The first requirement-that the same transaction is involved-is satisfied in this case.

¶ 8 "The second requirement is that the party to be added must have received timely notice and will not be prejudiced in maintaining a defense." *Id.* We find no failure in notice, or apparent prejudice in this case.

¶ 9 "The third requirement is that the party to be added, within the specified time period, knew or should have known that but for the mistake of identity the action would have been brought against him or her." *Id.* "If the party to be added has a sufficient identity of interest with the original defendant, constructive notice will be imputed to the former, thereby satisfying the notice requirement for relation back where it will not be prejudicial." *Id.* at ¶ 12, 141 P.3d at 560. "Imputing notice in this method is widely accepted by the courts and is based on the idea that an identity of interest exists where the original party and the new party are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* (citing 6A Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 1499; and 3 Moore's Federal Practice, § 15.19[3][c](3d ed.)).

¶ 10 The facts in this case are very similar to those in *Pan v. Bane.* In that case, Lacey Bane was driving her parents' automobile at the time of the collision. Pan filed a negligence action against parents Mark and Mar-

ta Bane, alleging the Banes had negligently operated the vehicle and caused the collision. The petition omitted Lacey as a defendant. The *Pan* Court noted that representation of the newly added defendant by the same attorney representing the existing defendant has been recognized as an identity of interest sufficient to impute notice to the added defendant, and that identity of interest has also been found sufficient to allow imputation of notice where the original and added defendants have the same insurer. *Pan* at ¶¶ 18–19, 141 P.3d at 562. Both of those factors are present here.

¶ 11 Michael Byford argued that he did not receive constructive notice, and that he had no actual notice because he had no reason to believe the suit was targeted against him. However, the constructive notice factors in this case appear the same as those in *Pan*. Michael Byford's basis for claiming that he did not understand that suit should have been brought against him was that the amended petition naming him was "amended to a negligent entrustment action [and] he had not entrusted anything to anyone...." This is a mischaracterization of the amended petition, which clearly states a negligence claim against Michael Byford and a negligent entrustment claim against Lesli Byford. We find no merit in this argument.

## CONCLUSION

¶ 12 We find the three required elements of the relation back doctrine-the same transaction; timely notice without prejudice; and sufficient identity with the original defendant-were shown in this case. Therefore Volkl's claims against Michael Byford relate back to his June 28, 2011 petition, and were timely made. The judgment of the district court is therefore reversed.

¶ 13 REVERSED.

GOODMAN, J., and RAPP, J., concur.