**NATIONAL ZINC COMPANY and Hartford Accident & Indemnity Company, Petitioners,**

v.

**Lois Irene Daley CARTER and State Industrial Court, Respondents.**

No. 42396.

Supreme Court of Oklahoma.

May 28, 1968.

As Amended and Rehearing Denied July 2, 1968.

A. M. Covington, Covington, Gibbon & Poe, Tulsa, for petitioners.

E. W. Keller, Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here for review an award of the State Industrial Court allowing Lois Irene Daley Carter, claimant below, death benefits as the surviving daughter of James M. Daley, deceased, under the death benefit provisions of the Oklahoma Workmen's Compensation Act (85 O.S. 1961, § 22(7)). In the interests of brevity, parties will be referred to as they appeared before the Industrial Court. The deceased, James M. Daley will be referred to as "deceased".

Deceased while in the employ of the respondent on March 22, 1958, sustained a hernia. He alleged in his Form 3 filed on December 3, 1958, that he sustained a "double hernia." The Industrial Court on January 19, 1959, held that as the result of the accident occurring on March 22, 1958, deceased sustained a "left indirect hernia and right femoral hernia" and was entitled to have operations performed for the repair of said hernias at the expense of the respondent. In reviewing the award this court vacated the portion of the award concerning the "right femoral hernia" and affirmed the portion of the award concerning the "left inguinal hernia." National Zinc Company v. Daley, Okl., 350 P.2d 284.

Respondent furnished the deceased an operation repairing the "left inguinal hernia" and he returned to work for the respondent. He continued to work until a

few days before his death on February 3, 1961. Claimant on August 30, 1961, filed her claim for death benefits alleging that on March 22, 1958, deceased sustained a "left inguinal hernia" while in the employ of the respondent and that his death was caused by complications arising out of and directly due to the operated left inguinal hernia sustained on 3–22–58. The Industrial Court set the case for hearing on November 1, 1961, and again March 7, 1962. Nothing transpired at either of these hearings. The case remained dormant until August 8, 1966, when claimant filed a motion requesting that the "cause be set for hearing on the next available Oklahoma City Trial Docket."

The case was set for hearing and tried on the Tulsa docket of the State Industrial Court on September 28, 1966.

At the opening of the hearing the trial judge over the objections of the respondent permitted the claimant to amend her death claim. Form 3–A in accordance with the statement of her attorney as follows:

"The part that we will want to, based on evidence that has been discovered, change is there they have typewritten in there 'Cause of death—complications arising out of and directly due to the operated left inguinal hernia sustained on 2–22–61.' Now, the cause of the death, I believe, is going to be shown by both parties, was a hernia that probably occurred in the original accident but had not been disagnosed or treated. The hernia itself, which was repaired, did not break down and that complication was not what caused the man's death. The cause of his death was gangrene setting in due to a strangulated hernia that had not been diagnosed but due to the original accident.

"THE COURT: But due to the accident of March 22, 1958.

"MR. CHILDERS: Yes."

The trial judge proceeded with the trial of the case on the merits and on December 14, 1966, entered an award in favor of the claimant for $13,500.00. The Industrial Court sitting en banc on January 19, 1967, affirmed the award after making additional findings as follows:

"That on March 22, 1958, the deceased James D. Daley, sustained hernine injuries arising out of and in the course of his employment resulting in his death of February 3, 1961.

"Respondent and Insurance Carrier had notice of the injury involved in this case.

"That no personal representative had been appointed for the estate of James M. Daley.

"That since the accident was reported within the time provided by law, the Statute of Limitation, to amend to conform to the proof as to the nature and extent of disability, has not run."

Respondent citing Hambley v. Foster Wheeler Corporation, Okl., 395 P.2d 582; Finance Oil Co. v. James et al., Okl., 188 Okl. 372, 109 P.2d 818, and Barnes v. Indian Territory Illuminating Oil Co., 170 Okl. 520, 41 P.2d 633, contends that the trial court erred in permitting the claimant to amend her death claim and therefore the amended claim is barred by the statute of limitations. The cases cited are not applicable because of the distinction in the facts. In each of the cases cited we held that the claimant after specifically alleging in his Form 3 injuries to certain portions of his body would not be permitted after the expiration of the statute of limitations to amend his Form 3 to include injuries to other portions of his body. In the present case deceased in his original Form 3 specifically alleged that he sustained a "double hernia". No other portion of the body is mentioned. The amendment merely clarifies the allegation relating to a double hernia by stating that the strangulated hernia causing the death was due to the accident but not diagnosed at the time the original claim was prepared. ·

 Exact precision is not required in describing the nature and extent of the injuries in a claim filed by the claimant under the provisions of the Oklahoma Workmen's Compensation Act. Ada Iron & Metal Co. v. Tarpley, Okl., 420 P.2d 886;

Reints v. Diehl, Okl., 303 P.2d 641; Earl W. Baker & Co. v. Maples, 155 Okl. 105, 8 P.2d 46. The allegation in original Form 3 that the injury was a "double hernia" was sufficient to justify the later amendment stating that the death was caused by the strangulation of an undiagnosed hernia due to the original accident.

■ Respondent argues that the claim is barred because the claimant did not "in good faith request a hearing and final determination thereon within five (5) years from the date of the filing thereof" as required by 85 O.S.1961, § 43. The statute does not require that the hearing be held within the five year period. In this case the claimant within the five year period filed a written motion requesting a hearing and final determination of the claim.

We have held that the filing of a motion within the five year period is sufficient to establish good faith in the prosecution of the claim under 85 O.S.1961, § 43 although no hearing is held until after the expiration of the five year period. Parsons v. State Industrial Court, Okl., 372 P.2d 27.

The Industrial Court correctly held that the claim was not barred by the statute of limitations.

Respondent contends that the evidence is insufficient to establish that the claimant sustained pecuniary loss by reason of death of the deceased.

Claimant is the daughter of the deceased. She was born on February 2, 1941. The mother of the claimant and the deceased were divorced on February 10, 1945. Claimant was four years old at the time of the divorce. The divorce decree required the deceased to pay $100.00 per month for the support of the minor children of the parties including the claimant. Claimant was 17 years old on March 22, 1958, the date of her father's injury and 20 years old on February 3, 1961, the date of her father's death.

Claimant testified that the deceased paid the support payments required by the di-vorce decree and continued to make support payments to claimant after she had reached the age of 18 and up until the time of his death. Most of the payments were made in cash. A few were made by check. The checks totaling $105.00 were submitted in evidence.

In May 1960 claimant married but her husband failed to support her and the marriage ended in a divorce after about two months. Deceased continued to contribute to her during her period of married life. One of the checks issued by deceased on December 12, 1960, in the amount of $25.00 designates claimant by her married name.

In 1960 deceased paid the tuition and expenses of the claimant while attending a Humpty Dumpty training school in Oklahoma City preparatory to her going to work for Humpty Dumpty.

Claimant commenced working for Humpty Dumpty stores in August, 1960, and continued working for about a year earning about $200.00 per month. She then remarried and ceased working. .

A brother of the deceased testified that claimant in 1948 had an attack of polio from which she never fully recovered and has an impediment in her speech.

■ In Wallace v. State Industrial Court, Okl., 406 P.2d 488, we said:

"Under the death benefit provisions of the Workmen's Compensation Act, recovery can be had for death of any employee by a claimant-heir who has suffered a pecuniary loss thereby, and dependency upon deceased in whole or in part is not required."

And further commented:

" * * * The amount of the pecuniary loss is not of great significance in death benefit claims under the Workmen's Compensation Law, but there must be a pecuniary loss."

The ruling declared in the Wallace case has been reaffirmed by this court in Finefrock v. Rice, Okl., 426 P.2d 675; Osmond

v. Paul R. Moody Construction Co., Okl., 409 P.2d 9; Reynolds v. State Industrial Court, Okl., 408 P.2d 780; Corvin v. State Industrial Court, Okl., 408 P.2d 322.

■ Pecuniary loss is established in the present case by competent evidence. In Finefrock v. Rice, supra, we said:

" * * * each case must be considered upon its own factual basis, and we perceive the rule to be that the question of whether a claimant suffered a pecuniary loss as a result of the death of an employee covered by the Workmen's Compensation Act is for the trier of the facts, and where a finding upon such issue is reasonably supported by competent evidence the same will not be disturbed on review."

We adhere to the rule so declared.

Respondent does not challenge the sufficiency of the evidence to establish that the death of the deceased was caused from injuries sustained in the accident which occurred on March 22, 1958. We have examined the evidence and it definitely establishes that the death of the deceased resulted from gangrene and other complications during an operation for the repair of a strangulated hernia which the deceased sustained in the accident which occurred on March 22, 1958.

The award of the State Industrial Court is supported by reasonable competent evidence and is in accord with the law of this jurisdiction as declared by this court in prior decisions.

It is affirmed.

JACKSON, C. J., and DAVISON, WILLIAMS, HODGES and McINERNEY, JJ., concur.

IRWIN, V. C. J., and BLACKBIRD, BERRY and LAVENDER, JJ., dissent.