2001 OK CIV APP 75

**Brent SMITH, Petitioner,**

v.

**MATRIX SERVICE INC., Legion Insurance Co., and The Workers' Compensation Court, Respondents.**

No. 94,893.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 2, 2001.

Rehearing Denied March 23, 2001.

Certiorari Denied May 22, 2001.

Susan Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

Jeffrey R. Schoborg, Boone, Smith, Davis, Hurst & Dickman, Tulsa, OK, for Respondent Terry W. Moody.

## OPINION

ADAMS, Judge:

¶ 1 On November 16, 1995, Claimant Brent Smith filed a Form 3 alleging injury to his back, left leg, left foot, left hip and consequential injury to his right leg and right foot occurring on September 12, 1995, when he fell 12 feet from a ladder while welding for Matrix Service Inc. (Employer). In July and September of 1997, Employer filed motions to terminate temporary compensation. On April 27, 1999, Claimant filed a Form 9, requesting medical treatment for his neck.

Employer denied compensability for the neck and left arm, raised the statute of limitations as an affirmative defense, and defended on the same grounds when the matter proceeded to trial on January 5, 2000.

¶ 2 During his testimony at trial, Claimant testified, *inter alia*, that on September 21, 1995, he told Dr. Gaede, his treating physician, about the problems with his neck,[1] and admitted into evidence one exhibit, Dr. Gaede's deposition. Employer presented no witnesses, but admitted into evidence the opinion of its medical expert, Dr. John.

¶ 3 In its "Order Partially Denying Claim As Barred By The Statute of Limitations," the trial judge found that Claimant had sustained an accidental personal injury to the lumbar back on September 12, 1995, and reserved for future hearing the issue of injury to other body parts. Taking judicial notice that the only Form 3, filed on November 16, 1995, did not list "the NECK" as an injured body part, the trial judge further found that: (1) Claimant had not received to date any medical treatment to the neck that was authorized by the employer or insurance carrier; (2) the testimony of Claimant and Dr. Gaede, his treating physician, support a finding that claimant had neck complaints within two weeks of the September 12, 1995 injury date; (3) Claimant was aware of his neck complaints when he filed his Form 3; and that (4) Claimant's "right to claim compensation for injury to the NECK under the Workers' Compensation Act is forever barred based on his failure to file a claim for compensation for the NECK within two years of the alleged SEPTEMBER 12, 1995 injury. 85 O.S. § 43(A)."[2] On *en banc* appeal, the three-judge panel affirmed the trial judge's decision. Claimant then filed this review proceeding.

---

1. Claimant also testified that his whole body hurt initially, but the doctors "just checked out my back. That was the major complaint. And as time has progressed, especially, I mean, *I mentioned it at the very first, I mentioned to each doctor that I've been to*, but as Dr. Gaede said, he wanted to take care of the most severe problem at the time, which was my back, because there was ruptures and different things." (Emphasis added).

2. Title 85 O.S.1991 § 43(A) provides, in pertinent part, that "[t]he right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier."

¶ 4 In his two propositions of error, Claimant contends the trial court erred (1) in failing to rule on the question of causation of his neck injury and (2) in determining his claim for injury to his neck is barred by the statute of limitations. As a preliminary matter, however, we must address Employer's argument in its Answer Brief that Claimant has failed to preserve for judicial review certain allegations of error due to a lack of specificity in his request for review by the *en banc* court. Therein Claimant alleged that:

a. The determination that the statute of limitations bars the claimant's neck injury is against established precedent and without evidenciary [sic] support in the record.

b. The determination that claimant received no treatment to the neck is against established precedent and without evidenciary [sic] support in the record.

c. The determination that claimant received no authorized treatment to the neck is against established precedent and without evidenciary [sic]support in the record.

¶ 5 Employer claims that "conspicuously absent" from Claimant's review request are any assertions that the trial judge's order is defective for failing to either address causation of the neck injury or Claimant's argument that his neck problem was a consequential or secondary injury, both of which he now tenders to this court. Because the three allegations within Claimant's review request obviously address only the statute of limitations or the tolling thereof, we agree that Claimant has failed to preserve for our review his entire first proposition of error and any argument within his second proposition concerning consequential injury.[3]

¶ 6 Having so concluded, we address Claimant's remaining argument—that the statute of limitations for his compensation claim is not time-barred because it was tolled by medical treatment for his neck recommended by Dr. Gaede on July 15, 1998. He further contends that the recommended therapy, *i.e.,* cervical traction at home, is included within the meaning of treatment.

---

**3.** If Claimant's neck injury was a "consequential" injury resulting from injuries to body parts listed on a timely-filed Form 3, the statute of limitations defense would not apply. *See J.E.*

¶ 7 The appropriate standard of review for the issue raised by Claimant was explained recently by the Court in *Sneed v. McDonnell Douglas,* 1999 OK 84, ¶ 9, 991 P.2d 1001, 1004:

A statute-of-limitation issue ordinarily presents a mixed question of fact and law. Even though the trial court's factual determinations relative to the statutory time bar [if supported by any competent evidence] will not be independently reviewed, application of the 85 O.S.1991 § 43 time bar to render a claim not remediable is a conclusion of law and hence is subject to de novo review by this Court. (Footnotes omitted).

¶ 8 Even if we were to decide, which we do not, that Dr. Gaede's recommendation for cervical traction at home is a "medical treatment," Claimant's argument would fail.

¶ 9 It ignores the clear and unambiguous language within 85 O.S.1991 § 43(A) setting out the two exceptions that toll the time when a workers' compensation claim for single-event trauma can be brought—"a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or *medical treatment which was authorized by the employer or the insurance carrier.*" (Emphasis added). As used therein, the term "authorized" means "to endorse, empower, justify, or permit." *Webster's Third New International Dictionary, 1986.* However, that term is followed solely by the prepositional phrase "by the employer or the insurance carrier." Claimant's argument would have us equate a treating physician's recommendation for a claimed medical treatment to an employer's or insurance carrier's permission or approval for the same. We cannot do so on this record.

¶ 10 There is no evidence in the record that Employer or its insurance carrier ever "authorized" any medical treatment to the neck and no evidence of any conduct by Employer which might be considered "conscious recognition of liability." *See Rhola v. Carlson, Inc. v. White,* 1969 OK 46, 452 P.2d 145. Because Claimant did not make that argument in his appeal to the panel, we do not consider it here.

*Wonder Bread,* 1982 OK 4, 639 P.2d 1242. In fact, Dr. Gaede's July 15, 1998 notes, upon which Claimant relies for his tolling argument, is the first mention of any neck pain but its link to Claimant's September 12, 1995 fall was excluded in the same sentence, *i.e.,* "[Claimant] also now has pain in his left arm that appears to be in a C6 distribution and *does not appear to be a workers' compensation-related problem.*" (Emphasis added).

¶ 11 The time limitation in which to file a claim for a single-event injury is set out in § 43(A), and begins from the time the employee is charged with legal awareness. *See McDonald v. Time–DC, Inc.,* 1989 OK 76, 773 P.2d 1252. The awareness of present as well as any potential harm that may result from a single-event injury is charged to the employee at the time the employee knows or should have recognized some ill effect from the accident. *Seaton v. Plasti–Mat, Inc.,* 1992 OK 52, 830 P.2d 1365. A claimant who specifically alleges in a Form 3 injuries to certain portions of the body is not permitted after expiration of the statute of limitations to amend the original Form 3 to include injuries to other portions of claimant's body. *See National Zinc Co. v. Carter,* 1968 OK 82, 442 P.2d 488 and *Hambley v. Foster Wheeler Corporation,* 1964 OK 150, 395 P.2d 582.

¶ 12 Claimant admitted he was aware of his neck injury when he filed his Form 3, but listed other specific body parts without mentioning the neck. Therefore, the two year limitation period for any claimed injury to the neck expired on September 12, 1997, two years after the date of that injury. The record contains competent evidence to support the trial judge's finding that Claimant had not received any medical treatment to the neck that was authorized by Employer or its insurance carrier and that the statute of limitation was not tolled. The order denying Claimant compensation for any neck injury as a result of the September 12, 1995 incident is sustained.

¶ 13 SUSTAINED.

¶ 14 JONES, J., and JOPLIN, J., concur.