2002 OK 41

**Rodrigo IBARRA, Petitioner,**

v.

**HITCH FARMS, Own Risk, and The Workers' Compensation Court, Respondents.**

No. 96,828.

Supreme Court of Oklahoma.

May 21, 2002.

Rehearing Denied June 25, 2002.

Brandon J. Burton, Burton & Associates, Oklahoma City, Oklahoma, for petitioner.

Michael D. Carter, Carter & Kirk, P.C., Oklahoma City, Oklahoma, for respondent.

HODGES, J.

¶ 1 Certiorari review of this matter was granted to address a single issue on which divisions of the Court of Civil Appeals are split: Does the two year statute of limitations in a workers' compensation action begin to run from the date of the injured worker's last authorized medical treatment or does it run from the date of payment of that treatment? This Court holds that, pursuant to section 43(A) of the Workers' Compensation Act, the statute of limitations begins to run with the last payment of medical treatment authorized by the employer or the insurance carrier.

¶ 2 Rodrigo Ibarra (Worker) sustained a job-related injury on February 22, 1999. He last sought medical treatment on April 6, 1999. On June 1, 1999, the last payment for authorized medical treatment was made. On April 9, 2001, Worker filed his claim for compensation. The Workers' Compensation Court and the Court of Civil Appeals held that under title 85, section 43(A), of the Oklahoma Statutes, a workers' compensation claim must be brought within two years of the date of the last authorized medical treatment rather than the date of payment for that treatment. Those courts found the April 6, 1999, claim to be time barred.

¶ 3 In its decision sustaining the order of the Workers' Compensation Court, division 1 of the Court of Civil Appeals relied upon *Hadley v. American General Life Insurance Co.*, 634 P.2d 1326 (Okla.Ct.Civ.App.1981) (cert. den. Sept. 28, 1981), which construed the pre–1985 version of section 43. In doing so, it made no mention of Division 2's recent opinion in *Harlow v. Noble County, Own Risk*, 2002 OK CIV APP 20, 41 P.3d 1034 (cert. den. Jan. 14, 2002), which concluded that the statute of limitations runs from the date of last payment of authorized medical treatment. The differing constructions placed on the statute of limitations by divisions of the Court of Civil Appeals highlights the ambiguity found in section 43(A).

¶ 4 A decision holding a Workers' Compensation claim is barred by the statute of limitations is a conclusion of law. It is

therefore subject to *de novo* review. *Sneed v. McDonnell Douglas,* 1999 OK 84, 991 P.2d 1001, 1004.

¶ 5 The statute of limitations for a single injury workers' compensation claim provides:

> The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.

Okla.Stat. tit. 85, § 43(A) (2001).

¶ 6 There are "two exceptions that toll the time when a workers' compensation claim for single-event trauma can be brought." *Smith v. Matrix Serv. Inc.,* 2001 OK CIV APP 75, 25 P.3d 298, 300 (cert. den. May 22, 2001). The first concerns "compensation or remuneration paid in lieu of compensation." The second concerns "medical treatment which was authorized by the employer or the insurance carrier." The issue becomes: Does the phrase "last payment of" refer to one exception or to both? If it applies to both, then the date of payment for authorized medical treatment becomes the operative event in the statute's application to this matter.

¶ 7 The Court of Civil Appeals held that the phrase "last payment of" applies only to "any compensation." It then applied the two year limitations period from the date of "medical treatment" rather than the date of "payment of ... medical treatment" to hold the claim time barred. It did so in reliance on the 1981 Court of Civil Appeals decision in *Hadley,* 634 P.2d 1326.

¶ 8 *Hadley* construed the pre–1985 version of section 43 which provided that "claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment." Okla.Stat. tit. 85, § 43 (1981). *Hadley* held that, under that version of the statute of limitations, the

date of treatment, not payment for treatment, triggered the running of the statute.

¶ 9 Recently, the Court of Civil Appeals was asked to construe the current version of the statute, enacted in 1985, in *Harlow,* 41 P.3d 1034. That court declined to follow *Hadley* based on the 1985 changes in the language of the statute and based on a 1991 Court of Civil Appeals decision which concluded that it was the last payment of medical treatment which triggered the running of the statute. *See Gabler v. Embassy Suites Hotel,* 815 P.2d 201, 202 (Okla.Ct.Civ.App. 1991).

¶ 10 This Court approves the construction placed on section 43(A) in *Gabler* and *Harlow.* The 1985 amendment to the statute of limitations makes the operative event the *last payment of* either (1) compensation or remuneration in lieu thereof, or (2) authorized medical treatment.

¶ 11 The record in this matter reveals that the last payment of authorized medical treatment was made on June 1, 1999. Therefore, Worker's claim filed April 9, 2001, was timely. The opinion of the Court of Civil Appeals and the order of the Workers' Compensation Court are vacated. The cause is remanded to the Workers' Compensation Court for proceedings consistent with this opinion.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER OF WORKERS' COMPENSATION COURT VACATED; CAUSE REMANDED TO TRIAL TRIBUNAL WITH DIRECTIONS TO TREAT CLAIM AS TIMELY FILED AND FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS PRONOUNCEMENT.

¶ 12 All Justices Concur.