2007 OK 59

**AMERICAN AIRLINES and American Home Assurance, Petitioners,**

v.

**David B. HICKMAN and The Workers' Compensation Court, Respondents.**

No. 101,472.

Supreme Court of Oklahoma.

July 3, 2007.

---

Leah P. Keele, Patrick S. Parr, Pierce Couch Hendrickson Baysinger & Green, L.L.P., for petitioners.

James E. Lowell; Tulsa, OK, for respondent.

WINCHESTER, C.J.

¶ 1 The question presented on certiorari is whether the Court of Civil Appeals erred when it ruled the statute of limitations, 85 O.S.2001, § 43, was not tolled by acts of the employer, American Airlines, thereby reversing the order of the three-judge panel of the Workers Compensation Court. We answer that the actions of the employer tolled the statute of limitations.

¶ 2 The claimant, David B. Hickman, worked as a cabin crew member whose responsibilities included removal of the interior of the cabin on aircraft for inspections. On September 10, 2001, when he helped lift a heavy galley floor mat he felt a sharp pain in the left part of his groin. Although the pain diminished immediately, the soreness lasted about half the day. He testified that he believed he had pulled a muscle. He continued to do heavy lifting and noticed an irritation again in the spring of 2002. He also noticed a bulging. On June 24th of 2002, he

reported this to the supervisor on duty, who told him to report to the MedCenter.

¶ 3 Hickman testified he went straight to the MedCenter where he was diagnosed with a hernia. Neither the employer nor the claimant paid the MedCenter. He subsequently had surgery to correct the problem in November of 2003. Hickman further testified that Sheila Ryan was assigned to handle his claim. When he talked to her about the claim she told him it would be denied because of the late time frame in which he reported it. He filed his Form 3 on February 10, 2004, and claimed a single event injury to his groin, a hernia, on September 10, 2001, and a cumulative trauma aggravation injury with a date of last exposure of September 2003. The employer denied the claim, in part on the basis that it was barred by the statute of limitations.

¶ 4 The trial judge found that Hickman had sustained an injury due to a single event occurring on September 10, 2001, with cumulative trauma aggravation, and with the claimant's last injurious exposure to trauma on September 10, 2001. The court awarded hernia benefits. The court denied the employer's statute of limitations defense, ruling that the employer, by its actions, had tolled the statute of limitations.

¶ 5 The employer filed a request for review including two issues, that the statute of limitations had run, and that the trial court had failed to address the employer's "notice" defense. On November 9, 2004, the three-judge panel filed an order affirming in part and modifying in part the decision of the trial court. The panel modified the order by denying the employer's notice defense. Otherwise, the trial court's order of July 28, 2004, was affirmed. When the employer appealed that decision, the Court of Civil Appeals reversed, holding that the claim was barred by the statute of limitations. We have previously granted certiorari.

■■■ ¶ 6 A decision of the three-judge panel must be reviewed by applying the any-competent-evidence test of correctness. Under this standard the appellate court's re-sponsibility is to canvass the facts to ascertain whether the panel's decision is supported by competent evidence. The findings of fact made by the panel are conclusive and binding unless they lack support in competent evidence. *See, Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 12, 684 P.2d 548, 552. "A statute-of-limitation issue ordinarily presents a mixed question of fact and law." *Sneed v. McDonnell Douglas, Industrial Indemnity Co.,* 1999 OK 84, ¶ 9, 991 P.2d 1001, 1004. If supported by any competent evidence, the panel's factual determinations relative to the statutory time bar will not be independently reviewed. However, application of the time bar provided in § 43 of title 85 to render a claim not remediable is a conclusion of law and subject to *de novo* review by this Court. *See, Sneed,* 1999 OK 84, ¶ 9, 991 P.2d at 1004.

¶ 7 Because the panel affirmed the trial court on the statute of limitations defense, we will canvass the facts to determine if there is any competent evidence to support the court's finding that the actions of the employer tolled the statute of limitations. During the testimony at trial, there was evidence presented that the supervisor for the employer, John Garrison, sent the claimant to the MedCenter, which could be found by the court to be authorization for medical treatment. Also, there was evidence that the person who took Hickman's claim, Sheila Ryan, told him that too much time had elapsed before he reported the injury.

¶ 8 The statute of limitations applicable to the case before us was codified in 2001,[1] and has been subsequently amended.[2] It provided in pertinent part:

A. "The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensa-

---

1. 2001 Okla.Sess.Laws, 1st Ex.Sess., ch. 3, § 16, codified at 85 O.S.2001, § 43.

2. 2005 Okla.Sess.Laws, 1st Ex.Sess., ch. 1, § 24, codified at 85 O.S.Supp.2006, § 43.

tion or medical treatment which was authorized by the employer or the insurance carrier."

¶ 9 The employer argues that *Ibarra v. Hitch Farms*, 2002 OK 41, 48 P.3d 802, in construing § 43(A), holds that the operative event in determining whether the statute of limitations has been tolled is not the authorization of medical treatment, but the last payment of authorized medical treatment. Because the employer did not pay for the claimant's examination when he was sent to the MedCenter by his supervisor, the employer claims that the statute of limitations was not tolled.

¶ 10 In *Ibarra* the facts reveal that the claimant, Ibarra, had received medical treatment, and the employer had paid for the authorized treatment. *Ibarra*, 2002 OK 41, ¶ 2, 48 P.3d 802. In the case now before this Court, no payment was made. The question we must answer is whether the ambiguous statute construed in *Ibarra* excludes tolling the statute of limitations where medical treatment was authorized, but no payment was made for the treatment. The claimant answers that the employer should not be able to avoid the tolling of the statute of limitations by simply not paying for treatment it authorized. We do not believe that *Ibarra* precludes the date of treatment as the operative date for tolling the statute of limitations found in § 43(A) of title 85.

¶ 11 Section 43 has been amended since the *Ibarra* opinion. When construing a statute that has been amended, we consider that the legislature may have intended either (1) to effect a change in the existing law or (2) to clarify that which previously appeared doubtful. *Magnolia Pipe Line Co. v. Oklahoma Tax Comm'n*, 1946 OK 113, ¶ 11, 167 P.2d 884, 888. Although *Ibarra* was construing an earlier statute,[3] and the wording of subsection A was identical to the statute we now construe, the statute was amended again in 2005, and the pertinent part now provides,

"The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years

after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation."

85 O.S.Supp.2006, § 43(A).

¶ 12 The 2005 amendment clearly provides that the claim may be filed within two years of the last authorized medical treatment. Because we found the former wording of the 1997 statute ambiguous, *Ibarra*, 2002 OK 41, ¶ 3, 48 P.3d 802, we conclude that the legislature clarified what previously appeared doubtful. *Magnolia Pipe Line Co.*, 1946 OK 113, ¶ 11, 167 P.2d at 888.

¶ 13 This Court has examined subsequent amendments to ascertain the intent of the legislature in construing a statute, and used that information in determining its meaning. *See, Nantz v. Nantz*, 1988 OK 9, 749 P.2d 1137. The present form of § 43(A) reveals that the legislature intended that the statute of limitations be tolled by treatment authorized by either the employer or the insurance company.

¶ 14 In *Oklahoma Furniture Mfg. Co. v. Nolen*, 1933 OK 305, 23 P.2d 381, the Court construed the originally enacted statute, which the Court quotes: "The right to claim compensation under this Act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission." *Nolen*, 1933 OK 305, ¶ 4, 23 P.2d at 382. No exception for tolling is provided by that statute. The facts revealed that the claimant did not file for compensation within one year from the date of his injury, but did file within one year of the date he last received medical treatment. *Nolen*, 1933 OK 305, ¶ 2, 23 P.2d at 382.

¶ 15 The *Nolen* Court observed that this statute was a limitation on the remedy and

---

**3.** Ibarra filed his claim for compensation on April 9, 2001. The version of the statute then in effect was 1997 Okla.Sess.Laws, ch. 361, § 12. It was amended by 2001 Okla.Sess.Laws, 1st Extr. Sess., ch. 3, § 16, effective October 23, 2001.

not on the right; accordingly, the requirement could be waived by the employer and the insurance carrier. *Nolen,* 1933 OK 305, ¶ 5, 23 P.2d at 382. The issue was whether or not the furnishing of medical treatment alone was sufficient to toll the statute of limitations. *Nolen,* 1933 OK 305, ¶ 9, 23 P.2d at 382. The Court held that the furnishing of medical treatment recognized liability and constituted the equivalent of the payment of compensation, which was sufficient to toll the statute. *Nolen,* 1933 OK 305, ¶ 10, 23 P.2d at 382.

¶ 16 When the *Nolen* case was handed down, the exceptions to the statute of limitations for filing a workers compensation case, which were later recognized by statute, were part of case law. *Ibarra* construed the ambiguous statute, but did not overrule previous case law. The trial court heard and observed the witnesses when they testified concerning the claimant's trip to the Med-Center and could conclude that the trip was authorized. The trial panel affirmed the trial court's findings with regard to the actions of the employer that tolled the statute of limitations. Competent evidence exists for that determination. The claimant filed his claim within two years of the authorized treatment's date, and our construction of the statute and case law provides that the authorized treatment was enough to toll the statute of limitations. Accordingly, the decision of the trial panel is sustained.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE WORKERS COMPENSATION COURT SUSTAINED.

ALL JUSTICES CONCUR.