2008 OK CIV APP 48

**SUPERCUTS and Combined Specialty Insurance Co., Petitioners,**

v.

**Karla A. BRIGGS and the Workers' Compensation Court, Respondents.**

No. 104,838.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 18, 2008.

Rehearing Denied March 7, 2008.

Certiorari Denied April 28, 2008.

Blake I. Whitten, MacKenzie & Whitten, Tulsa, OK, for Petitioners.

W.C. Doty, The Bell Law Firm, Norman, OK, for Respondents.

LARRY JOPLIN, Judge.

¶ 1 Petitioners Supercuts and Combined Specialty Insurance Co. (individually, by name, or, collectively, Employer) seek review of the trial court's order granting benefits to Respondent Karla A. Briggs (Claimant). In this proceeding, Employer asserts the trial court erred (1) in refusing to join the insurer which processed and paid for medical treatment of Claimant's injury, and (2) in awarding benefits despite Claimant's untimely commencement of this action more than two years after the date of the accidental injury.

¶ 2 From August 1, 2003 through August 1, 2004, Combined provided workers' compensation insurance to Employer. After August 1, 2004, Ace Property and Casualty Insurance Company (Ace) provided workers' compensation insurance to Employer.

¶ 3 Claimant alleged that she suffered a job-related injury to her right eye on December 19, 2003. In November 2005, Ace paid some of Claimant's medical expenses. In February 2006, Claimant filed her Form 3 to commence the instant action.

¶ 4 In March 2006, Ace entered an appearance, denied workers' compensation insurance coverage of Employer at the time of Claimant's alleged injury, and asserted Claimant had not timely filed her action.

Ace also asserted a motion to dismiss it "as an improper insurer on date of loss."

¶ 5 In May 2006, Combined entered an appearance. By Form 9, Combined admitted workers' compensation coverage of Employer at the time of the alleged injury, but denied that Claimant "filed her Form 3 within the statutory time."

¶ 6 By order filed June 6, 2006, the trial court dismissed Ace from the action. By Form 13 filed in November 2006, Combined sought rejoinder of Ace as an additional party.

¶ 7 In June 2007, the parties appeared for disposition and presented testimony and evidence in support of/opposition to the claim. On consideration of the testimony and evidence, the trial court awarded Claimant benefits for temporary total disability and medical treatment against Combined:

THAT the proper insurance carrier is COMBINED....

THAT respondent's motion to rejoin ACE ... is DENIED.

THAT ACE ... is an agent of respondent, paid benefits in the form of payment to a health care provider, BRITTON VISION ASSOCIATES and others in NOVEMBER 2005, thereby tolling the statute of limitations. Claimant filed a Form 3 on FEBRUARY 3, 2006, which was timely. Respondent's motion to dismiss is DENIED.

(Emphasis original.)

¶ 8 In its first proposition, Employer asserts the trial court erred in holding Claimant timely filed her Form 3. First, says Employer, the record clearly bears out that Claimant filed her Form 3 in February 2006, more than two years after the alleged date of injury in December 2003, and contrary to 85 O.S. § 43(A). Second, says Employer, neither it nor Combined, its insurance carrier at the time of the injury, ever authorized or paid any benefits to Claimant for disability or medical treatment as to toll the running of the statute of limitations.

¶ 9 At the time of Claimant's alleged injury in December 2003, the Oklahoma Workers'

Compensation Act, 85 O.S.2001 §§ 1, et seq., § 43(A), provided in pertinent part:

> The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of *the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.* ...

(Emphasis added.)

¶ 10 In *Ibarra v. Hitch Farms*, 2002 OK 41, 48 P.3d 802, the Oklahoma Supreme Court held that, pursuant to 85 O.S.2001 § 43(A), "the operative event [is] the *last payment of* either (1) compensation or remuneration in lieu thereof, or (2) authorized medical treatment." 2002 OK 41, ¶ 10, 48 P.3d at 804. (Emphasis in original.) In *American Airlines v. Hickman*, 2007 OK 59, 164 P.3d 146, the Oklahoma Supreme Court held that, under 85 O.S.2001 § 43(A), any "authorized treatment [i]s enough to toll the statute of limitations." 2007 OK 59, ¶ 16, 164 P.3d at 150. If we find competent evidence to support the Workers' Compensation Court's conclusion that a claimant timely filed his/her initial Form 3, the order of the Workers' Compensation Court should be sustained. *Hickman*, 2007 OK 59, ¶ 16, 164 P.3d at 150.

¶ 11 However, the parties cite, and we find, no Oklahoma authority construing the effect of the payment of benefits by one of a claimant's successive employers, or by one of an employer's successive insurers, on the period for commencement of a workers' compensation claim. On this issue, Professor Larson notes: "If compensation is paid by one of two potentially liable employers, this payment [is] held to toll the statute against the other." Larson's Workers' Compensation Law, § 126.07[4] (LexisNexis 2007). *And see, Smith v. Home Bldg. Contractors, Inc.*, 363 S.W.2d 11, 15–16 (Mo.App.1962);[1] *Cook v. Buffalo Gen. Hosp.*, 308 N.Y. 480, 127 N.E.2d 66, 67 (1955).[2] And, relevant to the instant case, the courts of other jurisdictions hold that payment of benefits by either of an employer's successive insurers tolls the statutory period for commencement of the claim or demand for hearing as to both insurers. *Schneider v. Dunkirk Ice Cream*, 301 A.D.2d 906, 754 N.Y.S.2d 409, 413–414 (N.Y.App.Div. 2003);[3] *Bureau of Adult Corrections v.*

---

1. "[State law] provides broadly that an action for compensation may be instituted 'within one year from the date of the last (compensation) payment.' It does not specify that such a claim may be filed only against an employer who had made payments within one year. To sustain [subcontractor's] position in this case we would be required to read that limitation into the section.... In this case claimant was, and had been for a long time, regularly employed by Contractors. He was loaned, with his consent, to [a subcontractor. Subcontractor's] superintendent, ..., collaborated with Contractors' foreman in filling out and forwarding the notice of accident to Contractors. Claimant did not know who paid his compensation (it was paid by an insurance company) and did not know who was legally liable to pay it. He was entitled to be paid for his injury. To hold otherwise, because of a technical error made by [the subcontractor's] own superintendent, would be for us to deprive him of his rights against the employer for whom he was working at the time he was injured. In the circumstances here shown, this would be neither logical nor equitable. It would be, in effect, straining at a gnat. We hold that the claim, as to [the subcontractor], was timely filed." (Citations omitted.)

2. "In Workmen's Compensation Law, as at common law, 'The fact that a workman has a general and a special employer is not inconsistent with the relation of employer and employee between both of them and himself.' Both together are his employer, and we know of now of no reason why notice to one, or claim against one, or advance payment by one, should not stop running the [statutory] time limitation [for commencement of the action] as to both." (Citations omitted.)

3. "[The predecessor insurer's] payment of claimant's medical expenses submitted by his treating physician constituted an 'advance payment' of compensation ... by the employer on whose behalf they were made. While recognizing that the employer correctly sent the C–2 injury report to [its successor insurer], its carrier at the time of the 1996 accident, and was not involved in incorrectly submitting C–4 reports to [the predecessor insurer, the predecessor insurer] was nonetheless acting as the employer's agent, believing that it was continuing to pay medical expenses related to the 1993 accident for which it was the employer's carrier. Consequently, under settled law, the employer and its [successor insurer] are foreclosed ... from relying on the defense that the claim was not timely filed within two years of the

*Dernberger,* 529 A.2d 245, 247 (Del.1987);[4] *Facer v. E.R. Steed Equip. Co.,* 95 Idaho 608, 514 P.2d 841, 846 (1973).[5]

¶ 12 Except as to "acts in bad faith by refusing to pay an award," the Oklahoma Workers' Compensation Act "make[s] the insurance carrier one and the same as the employer as to liability and immunity" for accidental injuries arising out of and in the course of the employment. *Sizemore v. Continental Cas. Co.,* 2006 OK 36, ¶ 20, 142 P.3d 47, 52; *U.S. Fid. & Guar. Co. v. Theus,* 1972 OK 9, ¶ 12, 493 P.2d 433, 435. Given this unity of liability and immunity between an employer and its workers' compensation insurance carrier, we agree with the courts of the other jurisdictions, and hold that, under § 43(A), the payment of benefits by either one of an employer's successive insurers tolls the statute of limitations for commencement of a workers' compensation claim.

¶ 13 In the present case, the evidence uncontrovertedly demonstrates that Ace paid some of Claimant's medical expenses in November 2005. The payment of medical benefits by Ace in November 2005 tolled the § 43(A) two year period for commencement of the action. Claimant filed her initial Form 3 in February 2006, within two years of Ace's payment of benefits, and timely under § 43(A) as we have construed it.

¶ 14 In its second proposition, Employer complains the trial court misapplied the estoppel provisions of 85 O.S. §§ 65.2 and 65.3 to hold Combined liable for payment of Claimant's benefits, and consequently erred in refusing to rejoin Ace. We reject his argument for two reasons. First, neither the record nor the order awarding benefits reflects any reliance on §§ 65.2 or 65.3 by the parties or the trial court. Second, a plain reading of the order awarding benefits demonstrates the trial court's adjudication that the payment of medical benefits by Ace, as "an agent of respondent" Employer, tolled the statute of limitations for commencement of the claim, and the trial court's conclusion is entirely consistent with our holding that the payment of benefits by one of an employer's successive insurers tolls the statute of limitations for commencement of a workers' compensation claim as to both insurers.

¶ 15 The trial court committed no error of law in its application of § 43(A), and the trial court's judgment is supported by competent evidence. The order of the trial court is SUSTAINED.

ADAMS, P.J., and HANSEN, J., concur.

1996 accident, as the WCLJ correctly ruled after the hearing."

4. "[Claimant] correctly submitted his bills to his employer [self-insured State], which forwarded the bills to its agent, GAB. GAB, acting as the State's agent, paid the bills, thus tolling the statute of limitations. The fact that GAB paid the bills without forwarding it to PMA [State's predecessor insurer], cannot extinguish [Claimant's] claim. To allow errors such as this, by the employer's agent to eliminate [Claimant's] claim, would cause unjust results simply because an employer changed surety;" "[T]he employer's liability to the employee transcends any change in insurance carriers. The action by GAB in paying [Claimant's] medical bills was the action of the employer. [State's predecessor insurer] is bound by the action of its insured, the employer[, and] is bound by the action of the employer through GAB;" "[W]hen a workmen's compensation carrier or the employer make a payment, the statute of limitations will be tolled.... To hold otherwise in this case would impose an injustice upon

the claimant who has abided by the Workmen's Compensation Act." (Citations omitted.)

5. "[A]ppellant, State Insurance Fund, contends that it cannot be bound by the voluntary payment of compensation by a third party. On December 31, 1969, American Mutual Hardware Insurance Company paid some of claimant's medical expenses incurred as a result of the accident. These expenses were for injuries acknowledged by claimant's employer to have arisen out of and in the course of employment. The December 31, 1969, payment was compensation for injuries for which claimant's employer admits liability and must be considered, in substance, as compensation paid by the employer. By making this payment claimant's employer through its surety tolled the statute of limitations and bound the appellant to his act. Under the facts presented by the record it would be a grave injustice to disallow claimant compensation for his injuries because he was unaware of a change of sureties by his employer."