2008 OK 72

**ARVINMERITOR, INC. and Own Risk, Petitioner,**

v.

**Mary L. REDD, and The Workers' Compensation Court, Respondents.**

No. 104,904.

Supreme Court of Oklahoma.

July 1, 2008.

Rehearing Denied Sept. 22, 2008.

Todd Estes, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, OK, for Petitioner.

Chris D. Caldwell, Ray Bays & Associates, Oklahoma City, OK, for Respondent, Mary L. Redd.

HARGRAVE, J.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

¶ 1 The Claimant, Mary Redd, alleged that she sustained compensable injuries to her elbows, right arm, right and left wrists, and left thumb, with the date of last exposure being November 4, 2002. Her claim was filed on February 25, 2003 and her employment was terminated the following September. She initially received treatment for the

pain in her elbows, including surgery on her right elbow. On July 13, 2004, the Court-appointed doctor diagnosed her as having bilateral upper extremity pain and positive nerve entrapment. Further surgery was performed on Redd's elbows, hands and left thumb.

¶ 2 By May 2006, Redd advised her doctor that she had developed pain in her shoulders. Believing that the pain was secondary to a condition known as thoracic outlet syndrome, the doctor recommended physical therapy. Redd was forced to discontinue this therapy when the therapy worsened her condition. On July 25, 2006, Redd's doctor reevaluated her and changed his diagnosis to tendinitis in the bilateral shoulders and attributed the tendinitis to work performed by Redd while employed at Arvinmeritor. An amended Form 3 was filed on October 30, 2006, adding shoulder injury to the claim.

¶ 3 Arvinmeritor denied that the shoulder injury was compensable and argued that the claim was time-barred. The trial court found for Redd, finding that Redd had sustained a work-related accidental personal injury while employed by Arvinmeritor as a result of cumulative trauma, and awarded compensation and authorized medical treatment. The trial court rejected the employer's statute-of-limitation defense finding that Redd had received authorization for physical therapy treatment for her shoulders during the limitations period. The three-judge panel of The Workers' Compensation Court affirmed the order of the trial court.

¶ 4 The Court of Civil Appeals vacated the award to the extent that compensation was provided for the shoulder injury. The Court of Civil Appeals found that Redd only became aware of her shoulder injury when it was medically documented in May 2006, and found no competent evidence that the statute-of-limitations period was tolled, and no evidence that the employer had authorized treatment for the shoulders. Redd now seeks certiorari, arguing that the independent doctor's recommendation of physical therapy was made pursuant to an order for medical examination upon the mutual stipulation of the parties, and it is therefore not necessary for Redd to present additional proof of authorization by the employer and the statute of limitations is thereby tolled.

¶ 5 The issue presented in the present matter is whether a claimant may, within two years after the last authorized medical treatment, when the examination and treatment are allowed by stipulation of the employer, amend the claim to include additional injury from the same cumulative trauma. We answer in the affirmative.

 ¶ 6 This Court has stated that the standard of review in cases such as this is the any-competent-evidence test. In *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, ¶ 2 we found:

> We hold that while the three-judge panel is governed, in its re-examination of the trial judge's factual findings, by the clear-weight-of-the-evidence standard, the Supreme Court or the Court of Appeals, in reviewing the panel-altered factual determinations, must apply the any-competent-evidence test.

Furthermore, this Court has also held:

> Except for jurisdictional issues, this court must accept as binding a trial tribunal's findings of fact which are supported by any competent evidence. This court does not weigh the evidence to determine where the preponderance lies, but rather examines the record only to ascertain whether the trial tribunal's findings are supported by any competent probative evidence. If they are not, the matter presents but a question of law determinable by this Court on review.

*Decker v. Oklahoma State University* 1988 OK 152, ¶ 7, 766 P.2d 1371, 1374. "A statute-of-limitations issue ordinarily presents a mixed question of fact and law." *Sneed v. McDonnell Douglas, Industrial Indemnity Co.,* 1999 OK 84, ¶ 9, 991 P.2d 1001, 1004. If supported by any competent evidence, the panel's factual determinations relative to the statutory time bar will not be independently reviewed. However, application of the time bar provided in § 43 of Title 85 to render a claim not remediable is a conclusion of law and subject to *de novo* review by this Court. *American Airlines v. Hickman,* 2007 OK 59, ¶ 6 164 P.3d 146.

¶ 7 The Court of Civil Appeals applied 85 O.S.2001 § 43(A) to reach its determination. This statute states in pertinent part:

A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of the last trauma or hazardous exposure.

Because the panel affirmed the trial court on the statute-of-limitations' defense, we will canvass the facts to determine if there is any competent evidence to support the trial court's finding that the actions of the employer tolled the statute of limitations.

■ ¶ 8 In the present matter, The Workers' Compensation Court appointed Dr. Ruffin as an Independent Medical Examiner in its order of May 12, 2004, which was within two years of the date of last exposure, the limitations period for cumulative trauma injuries. That order noted alleged injuries to Redd's hands and arms, but directed Dr. Ruffin to "make a complete examination" of Redd. The order also provided "by mutual stipulation of the parties" that Dr. Ruffin was authorized to treat, including "referral for physical therapy." Dr. Ruffin ordered physical therapy as treatment for Claimant's shoulders in May 2006. He ultimately concluded Redd's shoulder problems arose from her duties with Arvinmeritor, the same repetitive tasks causing her other alleged injuries. Redd amended her claim to include the shoulders in October 2006. From strictly construing these facts in the present matter, we find that Arvinmeritor, by stipulating to the treatment by Dr. Ruffin, including a complete examination as well as allowing for treatment and physical therapy, Redd's continuing medical treatment was authorized. Since this continuing medical treatment was authorized, the statute of limitations was tolled.

¶ 9 In *American Airlines v. Hickman,* 2007 OK 59, ¶ 12, 164 P.3d 146, this Court construed that the same statute in question in the instant case, 85 O.S.2001 § 43(A), provides that a claim may be filed within two years of the last authorized medical treatment. The trial court in the present matter expressly found "THAT respondent's statute of limitations defense is DENIED. Claimant received authorization for treatment to her shoulders in the form of physical therapy within the statute of limitations period." The three judge trial panel found the trial judge's order was not against the clear weight of the evidence and affirmed the order. We find competent evidence which supports this finding. The other issues presented by employer in the appeal are also without merit. Since the statute of limitations was tolled in the present matter, it does not matter that the discovery of the shoulder injury was made more than four years after the filing of the Form 3.

¶ 10 The Court of Civil Appeals is therefore in error and their opinion is vacated.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT SUSTAINED.**

¶ 11 CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, COLBERT, REIF, JJ.

¶ 12 DISSENT: TAYLOR, J.