2009 OK CIV APP 33

**Tyrone GILYARD, Petitioner,**

v.

**CHEROKEE BUILDING MATERIALS OF OKLAHOMA CITY, INC., Zurich American Insurance Company, and The Workers' Compensation Court, Respondents.**

**No. 105,928.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 19, 2008.

Certiorari Denied March 23, 2009.

Michael James King, M. Jean Homes, Winters, King & Associates, Inc., Tulsa, OK, for Petitioner.

Robert E. Applegate, Tulsa, OK, for Respondent.

LARRY JOPLIN, Judge.

¶1 Petitioner Tyrone Gilyard (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court which affirmed the trial court's order denying part of his claim against Respondents Cherokee Building Materials of Oklahoma City, Inc., and Zurich American Insurance Company (collectively, Employer) for injuries to his left arm and left hand as barred by the statute of limitations, 85 O.S. § 43(A). In this proceeding, Claimant asserts the lower court erred as a matter of both fact and law in so holding.

¶2 Claimant alleged he sustained compensable injuries to his back, left shoulder and left hip while working for Employer on April 1, 2004. In October 2004, Claimant underwent surgery to his left shoulder by Dr. Rahaal.

¶3 Claimant filed his initial Form 3 on January 19, 2006, asserting such injuries to his back, left shoulder and left hip. Workers' Compensation Court Claim No.2006–00920H. By Form 10, Employer admitted the injury to left shoulder, but denied the others. On January 26, 2006, Claimant filed a second Form 3, asserting a compensable injury to his right shoulder, "date of accident or last exposure," "January 2005." Workers' Compensation Court Claim No.2006–01134A.

¶4 In February 2006, Claimant submitted to examination by Dr. Hastings, who opined Claimant had sustained injuries to his left shoulder, right shoulder and back in the April 2004 occurrence. Claimant filed an amended Form 3 in Claim No.2006–00920H to add a claim for injury to his right shoulder in April 2004. By order filed July 28, 2006, the Workers' Compensation Court consolidated the claims for disposition.

¶5 In August 2006, Claimant filed his second amended Form 3 to add a claim for injury to his cervical spine in April 2004. In January 2007, Claimant submitted to back surgery.

¶6 In June 2007, the parties appeared for hearing on the issue of need for medical treatment. On consideration of the evidence, the trial court determined Claimant had sustained a compensable injury to his right shoulder, and directed Employer to provide Claimant with reasonable and necessary medical treatment. Claimant submitted to surgery of his right shoulder in August 2007.

¶7 In October 2007, Dr. Hastings reexamined Claimant. Based on the reports of another examining physician, Dr. Bischoff, Dr. Hastings opined that, in April 2004, Claimant suffered a discrete injury to his left elbow "considered by his treating and evaluating physician as ... part of his left shoulder injury," and recommended surgery.

¶8 In November 2007, Claimant filed his third amended Form 3 to add a claim for injuries to his left wrist, left arm and left elbow in the April 2004 accident. Employer denied occurrence of an injury to the left arm or elbow, and asserted bar by statute of limitations.

¶9 In March 2008, the parties appeared for hearing. Claimant's medical evidence showed that, in May 2006, he received medical treatment from his authorized physician, Dr. Rahaal, for left shoulder pain radiating down his arm. Claimant's medical evidence also showed that, as a result of Dr. Rahaal's referrals for treatment of the continuing left shoulder pain, Dr. Bischoff eventually identified the source of the tingling and numbness in his left hand as a discrete injury to his left elbow. Claimant averred he did not know he had suffered distinct injuries to his left elbow until examined by Dr. Bischoff in April, May and July 2007, and reexamined by Dr. Hastings in October 2007.

¶10 In opposition to the claim, Employer offered the reports of its examining physician, Dr. Gillock. Dr. Gillock opined Claimant suffered no job-related injury to his left elbow, and did "not require additional medical treatment for his left elbow."

¶11 On consideration of the evidence and argument, the trial court held:

THAT [Employer's] defense of statute of limitations as to the LEFT ARM and LEFT HAND is SUSTAINED. *Sneed v. McDonnell Douglas*, 1999 OK 84, 991 P.2d 1001. Claimant's claim is barred pursuant to 85 O.S. § 43 from obtaining benefits as to the LEFT ARM and LEFT HAND in connection with his APRIL 1, 2004 work-related injury.

(Emphasis original.) On Claimant's petition for intra-court review, a unanimous three-judge panel affirmed the order of the trial court as "not against the clear weight of the evidence nor contrary to law."

¶ 12 Claimant appeals. Claimant first asserts the two-year statute of limitations to commence a workers' compensation claim for injury to his left arm did not begin to run until Dr. Hastings diagnosed such a separate injury, particularly given the fact that the left elbow injury was previously "considered by his treating and evaluating physician as ... part of his left shoulder injury." Claimant secondly asserts any statute of limitations was tolled by Employer's payment of his medical expenses, and he timely commenced the left elbow claim within two years of Employer's last payment of medical benefits.

¶ 13 "The general rule is that the law in effect at the time of an employee's injury controls in workers' compensation matters." *King Mfg. v. Meadows*, 2005 OK 78, ¶ 11, 127 P.3d 584, 589. At the time of Claimant's single event injury in 2004, § 43(A) provided:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier.

85 O.S.2001 § 43(A). In *Ibarra v. Hitch Farms*, 2002 OK 41, 48 P.3d 802, the Oklahoma Supreme Court held, pursuant to this version of § 43(A), "the statute of limitations begins to run with the last payment of medi-

cal treatment authorized by the employer or the insurance carrier." 2002 OK 41, 48 P.3d 802, § 1, 48 P.3d at 803. That is, "the operative event [is] the last payment of either (1) compensation or remuneration in lieu thereof, or (2) authorized medical treatment." *Ibarra*, 2002 OK 41, ¶ 10, 48 P.3d at 804.

¶ 14 However, effective July 1, 2005, the Oklahoma Legislature amended § 43(A) to provide:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation.

85 O.S. Supp.2006 § 43(A). In *American Airlines v. Hickman*, 2007 OK 59, 164 P.3d 146, the Oklahoma Supreme Court held that, even for an injury occurring prior to the 2005 amendment of § 43(A), payment for authorized medical treatment was not required, and the provision of "authorized [medical] treatment was enough to toll the statute of limitations." 2007 OK 59, ¶ 16, 164 P.3d at 150.

¶ 15 " 'A statute-of-limitation issue ordinarily presents a mixed question of fact and law.' " *Hickman*, 2007 OK 59, ¶ 6, 164 P.3d at 150. (Citations omitted.) That is to say:

... If supported by any competent evidence, the panel's factual determinations relative to the statutory time bar will not be independently reviewed. However, application of the time bar provided in § 43 of title 85 to render a claim not remediable is a conclusion of law and subject to *de novo* review by this Court. *See, Sneed*, 1999 OK 84, ¶ 9, 991 P.2d at 1004.

*Id.* (Emphasis original.)

¶ 16 In his initial and amended From 3s filed in January 2006, Claimant alleged the occurrence of single event injuries to his low back, left shoulder, left hip and right shoulder on or about April 1, 2004. In October 2004, Claimant underwent surgery to his left

shoulder, but Claimant did not assert a compensable injury to his left arm, elbow and wrist until he filed his third amended Form 3 in November 2007, over three years after the alleged single event injury. Ordinarily, in such a case:

> Where, ..., on the date of last exposure to cumulative trauma the claimant is aware of pain in several body parts and elects when he files his Form 3 to schedule some, but not all, of the affected areas, he cannot be later heard to claim the injury as after manifested.

*Sneed v. McDonnell Douglas*, 1999 OK 84, ¶ 14, 991 P.2d 1001, 1006. The same is true in cases of single event injuries:

> The time limitation in which to file a claim for a single-event injury is set out in § 43(A), and begins from the time the employee is charged with legal awareness. The awareness of present as well as any potential harm that may result from a single-event injury is charged to the employee at the time the employee knows or should have recognized some ill effect from the accident. A claimant who specifically alleges in a Form 3 injuries to certain portions of the body is not permitted after expiration of the statute of limitations to amend the original Form 3 to include injuries to other portions of claimant's body.

*Smith v. Matrix Service Inc.*, 2001 OK CIV APP 75, ¶ 11, 25 P.3d 298, 301. (Citations omitted.) *See also, National Zinc Co. v. Carter*, 1968 OK 82, ¶ 0(1), 442 P.2d 488, 489; *Hambley v. Foster Wheeler Corporation*, 1964 OK 150, ¶¶ 0, 14, 395 P.2d 582, 583, 584.

¶ 17 The date of Claimant's awareness of the distinct injury to his left arm is irrelevant, because the law charged him with awareness of any injury that may have resulted from the April 2004 single event accident. *Smith*, 2001 OK CIV APP 75, ¶ 11, 25 P.3d at 301. So, unless Employer paid compensation or authorized medical treatment as to toll the statute of limitations, it would appear the Workers' Compensation Court correctly determined the statute of limitations barred the claim for the alleged injuries to Claimant's left arm, elbow and hand.

¶ 18 In this respect, the uncontroverted medical evidence demonstrates that Claimant first received authorized medical treatment of his left shoulder injury in October 2004. The uncontroverted medical evidence also demonstrates that, in September 2005 and May 2006, Claimant's authorized treating physician, Dr. Rahaal, noted Claimant's continuing complaint of left shoulder pain radiating into his arm, administered anesthetic injections, and, in July 2006, referred Claimant to an orthopedist, Dr. Boone, for evaluation of his neck as the potential source of the "pain and numbness going down his arm and [the] pain in his neck."

¶ 19 As a result of subsequent referrals, Claimant was eventually "evaluated through worker's compensation for tingling and numbness of the left hand" by Dr. Birschoff in April, May and July 2007, and Dr. Birschoff identified "work related," "EMG documented cubital tunnel syndrome on the left," for treatment of which he recommended surgery for "decompression of the left ulnar nerve of the elbow." As Claimant's examining physician, Dr. Hastings, noted, the complaints of left arm pain, initially regarded by the treating physician, Dr. Rahaal, as secondary to the authorized treatment of the left shoulder, were later identified by Dr. Birschoff as having a discrete, job-related cause.

¶ 20 Regardless of the diagnosed cause of Claimant's left arm, elbow and hand complaints-i.e., whether as a consequence of the left shoulder injury, or, as a discrete injury stemming from the April 2004 accident-the fact remains that Claimant received medical treatment related to his left shoulder injury from his treating physician, Dr. Rahaal, in May 2006, and Employer does not dispute Dr. Rahaal's authority to treat Claimant's left shoulder injury. In the course of his authorized treatment of Claimant's left shoulder injury, Dr. Rahaal sought to treat the left arm pain, which he believed to be related to the left shoulder injury, and referred Claimant to other physicians to identify the etiology of the pain.

¶ 21 Claimant last received treatment for arm pain from Dr. Rahaal in May 2006, and in the chain of Dr. Rahaal's referrals from Dr. Birschoff in July 2007. Claimant filed his amended Form 3 asserting compensable

injuries to his left arm, elbow and hand in November 2007, well within two years of the last authorized medical treatment for left arm pain, either by Dr. Rahaal in May 2006, or, as a result of Dr. Rahaal's referral, by Dr. Birschoff in July 2007.

¶ 22 The authorized treatment of Claimant's left arm pain, although later attributed to a discrete 2004 injury, tolled the running of the statute of limitations. We consequently hold the Workers' Compensation Court erred in holding the statute of limitations barred the claim for single event injuries to Claimant's left arm, elbow and hand.

¶ 23 The order of the Workers' Compensation Court is consequently VACATED, and the cause REMANDED for further proceedings.

HANSEN, J., and ADAMS, P.J., concur.